## OPINION OF THE COURT.

The 74th article of the constitution, authorizing each branch of the legislature, as well as the governor and council, to require the opinions of the justices of the superior court upon important questions of law and upon solemn occasions, does not authorize a requisition for advice on a question affecting private rights alone on which interested persons are entitled to be heard.

The undersigned respectfully request the opinion of the Hon<sup>ble</sup> the Justices of the Superior Court of Judicature upon the following questions—

First, Has the Legislature of this State authority to amend the charters or acts of incorporation of literary corporations, by increasing the number of Trustees—adding boards of overseers and prescribing modes of visitation in cases where such corporations were established by the present government of this State, or by John Wentworth formerly Governor of the province of New Hampshire exercising authority in the name of the British King?

Second, Have the Governor and Council of this State, in virtue of an act passed June 27th, 1816, entitled "An act to amend the charter and enlarge and improve the corporation of Dartmouth College," authority to fill any vacancies in the boards of Trustees or Overseers happening since the 26th of August last, there not having been on that day a meeting of a quorum of either of said boards as prescribed by said Act?

<div align="right">

William Plumer.
Elijah Hall.
Samuel Quarles.
B. Pierce.

</div>

The following was received and recorded Novem<sup>r</sup> 25th, 1816. Viz<sup>t</sup>.

*To His Excellency the Governor and the Hon. Council of the State of New Hampshire:*

The undersigned, justices of the superior court of judicature, have considered the two questions proposed by your excellency and honors for their opinion. As to the first question, "Whether the legislature of this state has authority to amend the charters or acts of incorporation of literary corporations by increasing the number of trustees, adding boards of overseers, and prescribing modes of visitation." We have examined the constitution of this state, and also the constitution of the United States, and have not

been able even to conjecture any ground upon which any authority in the legislature can be questioned, unless it be that such alterations, if made without the consent of the corporations, may possibly be construed to be a violation of private vested rights which are protected by those constitutions. Not being able to see any other objection to the exercise of such an authority, it instantly occurred that those who may deem their rights infringed by such alterations may have recourse to our courts for the protection of their supposed privileges; and a doubt arose in our minds as to the propriety of our forming an opinion upon a question supposed to affect private rights alone, till those who may think themselves interested in the question have had an opportunity to be heard. This doubt led us again to an examination of the constitution; and, upon the most mature reflection, we are inclined to believe that the constitution of this state did not contemplate that the opinion of the justices of the superior court should be required upon a mere question of right between the legislature and individuals, but upon important questions of a nature altogether public. Your excellency and honors will at once perceive the reason and utility of this distinction, when it is considered how very important it is that to the decision of every question of a new impression, involving private rights, we should not only in fact come, but that those who are interested should have a reasonable confidence that we come, with minds entirely unshackled by preconceived opinions.

We have therefore thought it our duty respectfully to request your excellency and your honors to excuse us from expressing any opinion upon the first question proposed to us. Indeed, we have thought it our duty not to form an opinion, and we trust that no inference will be drawn, from anything here said, that our opinions incline to the one side or the other of the question proposed.

We have duly examined the second question, viz., " Have the governor and council of this state, by virtue of the act of June 27, 1816, authority to fill any vacancies in the *boards* of trustees and overseers happening since the 26th of August last, there not having been on that day a meeting of a quorum of either of said boards as prescribed by said act." And we are of opinion that the authority of the governor and council to fill vacancies in the board of overseers is general, and extends to all vacancies which may already have occurred, or which may hereafter occur. But the act having given to the governor and council power to fill only such vacancies in the board of trustees as should occur previous to or during their first meeting; and the 26th of August having been fixed by law as the time of the first meeting, and no legal meeting having been held at that time,—we are of opinion that the governor and council have not authority to fill vacancies in the board of trustees which may have occurred since the 26th of August last.

<div align="right">

WM. M. RICHARDSON.
SAMUEL BELL.