To the Justices of the Supreme Court:
Whereas it has come to our knowledge that at the last annual March meeting a considerable number of towns chose moderators under an article in the warrant calling said meeting as follows, viz., "To choose a moderator to preside in said meeting," while other towns chose moderators under one of the following articles, viz., "To choose a moderator for the ensuing two years," or "To choose a moderator for the unexpired term;"
And whereas serious contention and trouble may arise in consequence of the confusion in the public mind concerning the legal construction of sections 1, 2, 3, and 4 of chapter 42, and of section 1 of chapter 33, of the Public Statutes, relating to the election of a moderator, —
Therefore the governor and council, considering the same an important question of law, under article 73 of the constitution of the state do respectfully require the opinion of the justices of the supreme court as to the proper construction of said sections of the Public Statutes, and desire an answer to the following questions:
1. At what time, in what manner, and for what tenure should the towns in each of the three classes above mentioned choose a moderator to preside at the ensuing November election?
2. Does the election of a person as moderator at the last annual March meeting (or at any subsequent meeting prior to the November election), for a term including or extending beyond said November election, authorize such person to preside as moderator at said November election?
3. At what time and in what manner should the several towns choose a moderator for the term of two years, and what are the limits of said term?
Given at the council-chamber at Concord this 17th day of August, 1892.
 HIRAM A. TUTTLE, Governor.
With the advice and consent of the council:
 EZRA S. STEARNS, Secretary of State. *Page 601 
To His Excellency the Governor and the Honorable Council:
By the general rule of the common law, the statute, and the constitution, the justices of the supreme court are forbidden to give advice in matters that may come before the court for decision. The constitution introduces an exception to the rule in some cases, in which the official power or official duty of the senate, the house of representatives, or the governor and council is doubtful, and in which the opinions of the justices are desired by one of those bodies upon an important question of law necessary to be determined by the body requiring the opinions. 62 N.H. 705, 706;63 N.H. 576, 577; 120 Mass. 602; 122 Mass. 601, 602; 126 Mass. 566;148 Mass. 626; 150 Mass. 600, 601. The questions now proposed concerning the election of moderators may come before the court for decision, and do not appear to be within the exception. The reason suggested for proposing them indicates that answers would not aid the governor and council in their determination of any question touching the exercise of their power or the performance of their duty, and that the case is not one in which the law allows the opinions of the justices to be given.
 C. DOE. W. H. H. ALLEN. ISAAC W. SMITH. LEWIS W. CLARK. I. N. BLODGETT. A. P. CARPENTER. WM. M. CHASE.
 *Page 1