## OPINION OF THE JUSTICES.

The nominal title to the real estate in Concord occupied by the New Hampshire Asylum for the Insane is vested in that corporation; but the state, being the sole member of the corporation, is the real owner of all its property, and has complete and absolute control thereof, subject to the terms and conditions upon which such property was given to and accepted by the institution.

The legislature may require the trustees of the New Hampshire Asylum for the Insane to convey the real estate occupied by that corporation to the state; but such conveyance would not in any way affect the state's interest in the property.

It is doubtful whether the justices of the court are authorized to give advice to the house of representatives when there is a possibility that the requisition therefor involves a question of private rights which may come before the court for determination.

*To the House of Representatives of New Hampshire :*

We, the undersigned, justices of the supreme court, received on the 8th instant a copy of the resolutions adopted by your honorable body, January 31, requiring our opinion upon the questions herein mentioned. To aid us " in the investigation of the facts necessary for the determination of the questions," a copy of the report of the judiciary committee of the last house of representatives was sent to us, accompanied with a copy of the brief laid before the committee by counsel of the trustees of the asylum, and referred to in the report for a portion of the facts upon which the committee based their conclusions, but not with any of the papers referred to in the brief. We have assumed that you did not wish us to make an investigation for the purpose of finding what the facts are bearing upon the questions submitted, as the constitution does not authorize us to do so (*Opinion of the Justices*, 45 N. H. 607, 608, 614); but that you adopted the facts stated in the above mentioned report and brief as those upon which our answers to the questions were to be predicated. Accordingly, we respectfully answer the questions, so far as we are able, upon the facts submitted.

1. Who owns the real estate in Concord occupied by the New Hampshire Asylum for the Insane; and is the title a fee simple, or charged with a trust?

*Answer :* The nominal title to the property is in the corporation known as the New Hampshire Asylum for the Insane; and the state, being the only member of the corporation, is the real owner. Whether the title is a fee simple, depends upon the terms of the deeds conveying the property to the corporation, and they are not

before us. Whether the title is charged with a trust may depend upon the deeds, or upon the terms of contracts or wills by which property has been given to, and accepted by, the corporation. In the absence of provisions in the deeds creating a trust, the title is not charged with one unless the state, either directly or through the agency of the trustees, has dedicated the property to the uses of a trust by accepting gifts and bequests made upon conditions that required such dedication.

2. If the title is in the corporation created by chapter 10 of the Public Statutes, can the legislature direct said corporation to convey the land to the state; and would such conveyance alter in any way the interest of the state in the property?

*Answer:* Unless restrained by the terms of the deeds or a trust, as suggested in the last answer, the legislature could require the trustees to convey the land to the state; but such conveyance would not alter in any way the state's interest in the property. If third persons claim rights in the property by virtue of conditions in the deeds or of trusts, express or implied, that would interfere with such transfer of title, it is doubtful, to say the least, if we ought to attempt to advise your honorable body in respect to the state's rights, since, in that event, there would be questions that might come before the court for decision, and an opinion formed and expressed now would not bind the parties, and might disqualify us from acting as members of the court. *Opinion of the Justices,* 62 N. H. 704; *In re School-Law Manual,* 63 N. H. 574.

3. Can the property, real or personal, of the said asylum be used for any other purpose than it is now used?

*Answer:* As before suggested, the answer to this question depends upon facts that are not before us.

4. What control has the state over the corporation, or over the real estate and personal property held by said corporation?

*Answer:* Complete and absolute control, unless its power is limited by some conditions or trust, as above suggested.

ISAAC N. BLODGETT.
WILLIAM M. CHASE.
ROBERT M. WALLACE.
FRANK N. PARSONS.
ROBERT G. PIKE.
ROBERT J. PEASLEE.