March 20, }
  1911.  }

### OPINION OF THE JUSTICES.

There is no constitutional objection to the imposition of a tax upon property passing by will or inheritance which shall be assessed at different rates upon classes standing in different relations to the original owner, or between which there is reasonable ground for distinction.

The opinions of the justices of the court which may be required by the legislature under article 73 of the constitution are merely advisory and in no sense an adjudication of the questions submitted; and in the event of a disagreement in opinion, it is not deemed expedient to present individual views upon a question which involves private rights and may be subsequently litigated before the court.

On February 13, 1911, the speaker of the house of representatives requested the opinions of the justices of the supreme court in accordance with the following resolution, which was adopted by the house of representatives on February 9:

"Whereas, a bill entitled 'An act imposing a tax on legacies and successions,' known as House Bill No. 227, has been introduced and is now pending in this house, the essential part of which for the

purpose of the following resolution is the first section, which reads as follows:

"'Section 1.    All property within the jurisdiction of the state, real or personal, and any interests therein, whether belonging to inhabitants of the state or not, which shall pass by will, or by the laws regulating intestate succession, or by deed, grant, bargain, sale, or gift, made or intended to take effect in possession or enjoyment after the death of the grantor or donor, absolutely or in trust, to or for the use of the father, mother, husband, wife, lineal descendant, adopted child, or the lineal descendant of any adopted child, the wife or widow of a son, or the husband of a daughter of a decedent, shall be subject to a tax, for the use of the state, of one per cent of its value up to $25,000; of two per cent of its value in excess of $25,000 up to $50,000; of two and one half per cent of its value in excess of $50,000 up to $100,000; of three per cent of its value in excess of $100,000 up to $250,000; and of five per cent of its value in excess of $250,000; and administrators, executors, and trustees, and any such grantees under a conveyance made during the grantor's life, shall be liable for such taxes, with interest, until the same have been paid; but no bequest, devise, or distributive share of an estate which shall so pass to or for the use of a husband, wife, child, or adopted child, except upon its value in excess of $10,000, shall be subject to the provisions of this act.    When the personal estate so passing from any person not an inhabitant of this state shall consist in whole or in part of shares in any railroad or street railway company or telegraph or telephone company incorporated under the laws of this state and also of some other state or country, so much only of each share as is proportional to the part of such company's right of way lying within this state shall be considered as property of such person within the jurisdiction of the state for the purposes of this act.'    Therefore,

"Resolved, that the speaker of this house be directed to obtain the opinion of the supreme court as soon as possible, as to whether, if the act were passed, said section would violate any provision of the constitution, and, more particularly, as to whether any constitutional provision would be violated by the exemption of $10,000 of the value of legacies to widows and children, or by the levy of a rate of one per cent upon $25,000 of the value of such legacies as are included within the act, with higher rates upon the excess, as provided for in said section."

*To the House of Representatives:*

The undersigned, the justices of the supreme court, have given to the investigation and consideration of the questions submitted in your resolution, passed February 9, relative to additional legislation under the constitutional amendment of 1903, authorizing taxation of property when passing by will or inheritance, all the time possible consistent with compliance with the other requests of your honorable body and the performance of the duties of the court. Our reply is requested at the earliest practicable moment, and it is obvious that if our views are to be of any service to the legislature further time cannot be taken for investigation. We therefore, in response to this resolution, respectfully submit the following:

In *Thompson* v. *Kidder*, 74 N. H. 89, the validity of classification in the imposition of the inheritance tax permitted by the amendment of 1903, based upon the character of the recipients of property passing by will or inheritance, or the nature of their relationship to the testator or ancestor, was sustained, the assessment being uniform throughout the class. Upon the principle of that decision, we see no objection to an assessment at different rates upon classes standing in different relations to the original owner of the property, or between which there is reasonable ground for distinction. To be exact, the tax may be assessed at a different rate upon property passing to direct heirs than to collaterals; a distinction may be made between relatives more or less remote in the direct line.

Upon the question whether, in view of fundamental provisions of the constitution as it was construed and understood prior to 1903, it was intended by the amendment then made to authorize an exaction from those in the same class or relation to the testator or ancestor varying in accordance with the amount of property passing—or, in other words, to authorize a classification based upon amount merely—we find that we are not agreed in opinion. The question is new in this jurisdiction. In others where it has been raised the courts are in conflict. As at this time our views are not in accord, it does not seem that it will be useful for us to submit the grounds which control the views we now individually entertain.

We doubt if, in this situation, we ought to do so. Our opinions submitted under the constitutional provision are merely advisory and in no sense an adjudication of the question. *Opinion of the Justices*, 25 N. H. 537, 538; *In re School-Law Manual*, 63 N. H. 574, 577. It is therefore entirely immaterial to which side of the

question the majority may incline. If the proposed legislation is adopted, the question of right will probably be raised by those against whom the higher rate is sought to be imposed. "It is essential to the preservation of the rights of every individual, his life, liberty, property, and character, that there be an impartial interpretation of the laws and administration of justice." Bill of Rights, *art.* 35. Accordingly, the justices have declined as far as possible in performance of the advisory duty imposed upon them by article 73 [74] of the constitution, to express their views upon questions involving private rights, or to make any answer unless the official power or official duty of the body making the inquiry were clearly involved by the question submitted. *Opinion of the Justices,* 62 N. H. 704; *Opinion of the Justices,* 67 N. H. 600; *Opinion of the Justices,* 70 N. H. 638.

While the official power of the legislature to enact the proposed law is presented by the question, we conceive it to be our duty in the present situation, in the light of the constitutional provision referred to, to request to be excused from submitting our individual views at this time. If the law is passed and the question subsequently litigated before the court, we think the justices ought not to be hampered, or the parties prejudiced, by the formal expression of individual views now held, formed upon less investigation than we feel ought to be given to the decision of the question and without the aid of argument by counsel.

It appears to be impossible, in the time that remains, to reconcile our views so as to join in an answer which will be of use to the legislature. We therefore respectfully ask to be excused from further answer at this time.

FRANK N. PARSONS.
REUBEN E. WALKER.
GEORGE H. BINGHAM.
JOHN E. YOUNG.
ROBERT J. PEASLEE.

March 20, 1911.