April 8,
  1925.

### OPINION OF THE JUSTICES

The justices of the supreme court cannot properly advise the legislature upon
a question involved in a suit at the same time pending before the court.

On April 1, 1925, the House of Representatives adopted the following resolution:

WHEREAS the Constitution of New Hampshire provides that each branch of the legislature shall have the authority to require the opinion of the Justices of the Supreme Court upon important questions of law and upon solemn occasions; and

WHEREAS, at the session of the legislature of 1923 an act was passed imposing a tax upon the income derived from intangibles, to wit, Chapter 65, Laws of 1923, which said tax was to be levied in each year upon the total income received from certain sources during the preceding calendar year at the average rate of taxation upon other property throughout the state for the year in which the tax imposed was assessed and was to be collected by the state and distributed to the towns and cities where the owner of the income resided; and

WHEREAS, it was further provided in said act that if the act should be held invalid because levied at the average rate of taxation throughout the state, said tax should be levied "at the rate applied in the taxation of other property in the taxing district in which the respective taxpayers reside"; and

WHEREAS, an act is now pending in the House of Representatives whereby it is proposed to amend said act so that the tax shall be retained in the state treasury, and employed for state 'purposes as other state funds are employed:

*Resolved,* that the Speaker of the House be and hereby is directed to obtain from the Justices of the Supreme Court their opinion upon the following questions of law which are of serious importance to the financial welfare of the state, namely —

Whether a tax, such as is described in Chapter 65, Laws of 1923, is constitutional:

1. If levied at the average rate of taxation upon property throughout the state, collected by officials of the state, such as the tax commission or state treasurer, and the net revenue, after deducting expenses, paid to the towns where the owner of the taxable income resides?

2. If levied upon income received by the residents of each town at the rate at which other property is taxed in such town and assessed and collected and distributed as provided in item one?

3. If levied at the average rate of taxation throughout the state, assessed and collected as stated in item one, and the tax retained in the state treasury and employed for state purposes as provided in the proposed amendment?

4. If levied upon income of residents of each town at the rate at which other property is taxed in such town, assessed and collected as stated in item one, and the tax retained in the state treasury for state purposes as provided in the proposed amendment?

5. If any of the first four questions is answered in the affirmative would it be constitutional to assess the tax in any one year upon revenue received the preceding year, either at the local rate or at the average rate for the year in which the tax is levied?

6. If either of these questions is answered in the affirmative would it be constitutional to levy the tax in any one year either at the local rate or at the average rate for the year in which the income is received?

7. If any of these questions is answered in the affirmative would it be constitutional in either case, or in any case, to exempt any stated amount of income from the operation of the tax? The last question is asked because the constitutionality of Chapter 65, Laws of 1923, has been questioned because of the exemption of two hundred dollars provided for in paragraph (4) of Section 1.

The following answer was returned:

*To the House of Representatives:*

The undersigned, justices of the supreme court, are in receipt of your resolution of April 1, requiring our opinions upon the power of the legislature to enact an income tax in either of several forms. A fundamental question underlying all these inquiries is whether, under the constitution, any income tax can be laid. The same general question is involved in a suit now pending in this court and involving the validity of a tax laid under the provisions of Laws 1923, Chapter 65.

The constitutional provision under which your inquiries are made has heretofore been construed as not contemplating that we should answer under these circumstances. In 1816, the governor and council were advised that, where opinions were requested upon questions "involving private vested rights which are protected by the constitution," it was the duty of the justices to request to be excused from expressing any opinion. *Opinion of the Justices,* 62 N. H. 704, 705.

The same practice has been followed in later instances. *Opinion of the Justices,* 76 N. H. 601, 609; *Opinion of the Justices,* 70 N. H. 638.

While portions of the questions relate to matters of detail (rates and exemptions), yet these subsidiary inquiries can hardly be discussed apart from the general one. If we were to attempt to answer them upon a hypothetical assumption that, if any form of income tax could be sustained, certain conclusions would follow as to rates and exemptions, it is not perceived how the fragmentary answers so given could be of service to you.

For these reasons, we respectfully request that we be excused from answering the questions set out in your resolution.

> ROBERT J. PEASLEE,
> WILLIAM A. PLUMMER,
> LESLIE P. SNOW,
> JOHN E. ALLEN,
> THOMAS L. MARBLE.

April 8, 1925.