Request of the Senate,
No. 4766.

OPINION OF THE JUSTICES.

Submitted June 19, 1959.

Answer returned June 30, 1959.

The following resolution adopted by the Senate on June 11, 1959, was filed in this court on the same date:

"WHEREAS, There is now pending before the General Court Senate Bill 120, An Act relative to contracts for operation of schools in Woodstock, Thornton and Lincoln, and

"WHEREAS, A question has been raised as to whether or not school boards presently have the authority or the power to enter into a contract beyond one year, beyond two years, beyond the period of service of the longest term member of the board and/or for a period of ten to twenty years, therefore be it

"RESOLVED, That the Justices of the Supreme Court be respectfully requested to give their opinion upon the following question:

"Do school boards presently have the authority or the power to enter into a contract beyond one year, beyond two years, beyond the period of service of the longest term member on the board, and/or for a period of ten to twenty years?"

The following answer was returned:

*To the Honorable Senate:*

The undersigned Justices of the Supreme Court submit the following answer to the inquiry contained in your resolution dated June 11, 1959, relating to Senate Bill No. 120 entitled "An Act relative to contracts for the operation of schools in Woodstock, Thornton and Lincoln." Senate Bill No. 120 provides in effect that the named school districts may enter into long-term contracts, not exceeding twenty years, for the purpose of establishing and maintaining jointly a high school; that the school districts "may raise and appropriate money to carry said contracts into effect"; that

the contracts may bind the school districts to the payment of tuition for the entire term of the contract and that either of said school districts "may also bind itself to annual payments on account of capital investments." The bill also provides that school boards of said districts shall have such authority and perform such duties as may be provided in the contracts.

The wording of your inquiry "Do school boards presently have authority or the power to enter into a contract . . . " for certain specified periods of duration, appears to call for an advisory opinion on existing law. See RSA 194:21, 27, as amended. As this appears to be the sole purpose of your inquiry we must respectfully decline to answer since it is not the subject for an advisory opinion to the Legislature under our Constitution. N. H. Const., Pt. II, *Art.* 74; *Opinion of the Justices,* 99 N. H. 524. The constitutional provision for advisory opinions, with exceptions not material here, does not permit the Supreme Court to advise the Legislature as to the meaning and scope of existing statutes. This rule has been long established in this jurisdiction. *In re School-Law Manual,* 63 N. H. 574; *Opinion of the Justices,* 67 N. H. 600; *Opinion of the Justices,* 62 N. H. 704.

There are cases where the Governor and Council are entitled to advisory opinions as to their official duty and authority under existing law. *Opinion of the Justices,* 99 N. H. 505; *Opinion of the Justices,* 102 N. H. 183, 184. This has no application to legislative requests for advisory opinions where the legal question does not await "the consideration and action" of the inquiring body. *In re School-Law Manual, supra,* 576.

FRANK R. KENISON.
LAURENCE I. DUNCAN.
AMOS N. BLANDIN, JR.
EDWARD J. LAMPRON.
STEPHEN M. WHEELER.

June 30, 1959.