Request of the Senate,
No. 5969.

## OPINION OF THE JUSTICES.

Submitted July 1, 1969.
Preliminary answer returned July 2, 1969.
Final answer returned October 31, 1969.

*To the Honorable Senate:*

The undersigned Justices of the Supreme Court submit the following answers to the inquiries contained in your six resolutions, all adopted June 23, 1969, and filed in this court on July

1, 1969. A preliminary answer was returned under date of July 2, 1969. *Opinion of the Justices,* 109 N. H. 473. Your resolutions seek advice as to the constitutionality of certain bills hereinafter described. Senate Bill 319 would authorize cities and towns to grant a tax exemption of $50 per year on the residential real estate of any person having at least one child attending a nonpublic school. Senate Bill 320 would include children in non-public schools in the base used for computing foundation aid to school districts. Senate Bill 325 would authorize school boards to furnish transportation to pupils attending nonpublic schools through the ninth grade outside the district even though it is unnecessary to furnish transportation outside the district for those attending public schools. Senate Bill 326 would authorize school boards to furnish to pupils in both public and nonpublic schools the following child benefit services: school physician, nurse, health, guidance, psychologist, educational testing and other services deemed necessary or desirable for the well-being of the pupils. Senate Bill 327 requires local school boards to purchase such textbooks as are required for use in public schools and to loan or sell them upon request to children residing in the district enrolled in a public or approved nonpublic school. House Bill 401 would allow nonpublic school pupils to attend the public schools for part of their studies and to receive the benefit of certain public school instruction and activities.

All inquiries relate to the question whether these proposals would violate the prohibitions against the use of public funds to aid or support church schools contained in Part II, *Art.* 83d of the Constitution of this State or the First Amendment to the Constitution of the United States which has been made binding upon the states through the Fourteenth Amendment. In addition, the inquiry regarding Senate Bill 319 involves Part I, *Art.* 12th of the New Hampshire Constitution requiring each member of a community to contribute his share of the expense of protection afforded by the community and Part II, *Art.* 5th, which requires all assessments, rates and taxes to be reasonable and proportional.

We recently had occasion to discuss the restrictions of the First Amendment to the Constitution of the United States in the area now under consideration when we gave our opinion to the Governor and the Honorable Council as to the constitutionality of RSA 284:21-j (Laws of 1967, 421:1) which provided for

distribution of sweepstakes revenue to public and nonpublic schools. *Opinion of the Justices,* 108 N. H. 268. Four of the Justices were of the opinion the act was unconstitutional while one was of the contrary opinion. Since the authorities are reviewed there in some detail, a repetition here would serve no useful purpose and you are therefore respectfully referred to those opinions for general background information. The statute there considered provided for direct and unrestricted grants to nonpublic schools which would be predominantly parochial schools providing sectarian instruction as well as secular education. Since the grants were direct and unrestricted and not limited to secular education, it was the opinion of the majority that it would give direct aid to sectarian education which is prohibited by both constitutions. We had no occasion then to consider the validity of proposals which while giving aid or services to pupils or parents, might also indirectly benefit some denomination.

Since our above opinion was given, the Supreme Court of the United States has upheld the New York law considered in *Board of Education* v. *Allen,* 20 N. Y. 2d 109 which required local public school authorities to lend textbooks free of charge to all pupils in grades 7 through 12 including those in private schools. *Board of Education* v. *Allen,* 392 U. S. 236. The court applied the same child benefit reasoning which had been used in *Everson* v. *Board of Education,* 330 U. S. 1, in upholding the paying of expenses of busing pupils to parochial schools, i.e., that the Constitution does not prohibit the extension of benefits to all citizens without regard to their religious affiliation even though one of the results is that the benefit aids some children in attending church schools who might not do so otherwise. The *Allen* case, *supra,* 245, 247, 248, also recognizes that "religious schools pursue two goals, religious instruction and secular instruction" and that the State has "a proper interest in the manner in which those schools perform their secular educational function," and that the processes of secular and sectarian training need not necessarily be "so intertwined that secular textbooks furnished to students by the public are in fact instrumental in the teaching of religion."

*Opinion of the Justices,* 99 N. H. 519 (1955) stated that Constitution, Part II, *Art.* 83d was intended to prohibit support for sectarian education but was not intended to deprive members of a religious denomination of public benefits because of their be-

liefs. The Justices gave the opinion that grants in aid to all hospitals offering approved training and education in nursing were constitutional even though some of the hospitals so aided were operated under the auspices of a religious denomination. The grants in question were to be made upon the condition that the funds be used for nurses' training "and for no other kind of instruction or purpose." It was pointed out that public funds would not thus be applied to sectarian use. It was thought that if some denomination should incidentally derive a benefit through the release of other funds for other uses the result would be immaterial.

Our State Constitution bars aid to sectarian activities of the schools and institutions of religious sects or denominations. It is our opinion that since secular education serves a public purpose, it may be supported by tax money if sufficient safeguards are provided to prevent more than incidental and indirect benefit to a religious sect or denomination. We are also of the opinion as expressed in *Opinion of the Justices,* 99 N. H. 519, that members of the public are not prohibited from receiving public benefits because of their religious beliefs or because they happen to be attending a parochial school. The test laid down in *Abington School District* v. *Schempp,* 374 U. S. 203, referred to by all Justices in *Opinion of the Justices,* 108 N. H. 268, and relating to the Constitution of the United States, while not easy to apply, serves as a guide and was relied on in the *Allen* case, *supra.* That test is: "What are the purpose and primary effect of the enactment? If either is the advancement or inhibition of religion, then the enactment exceeds the scope of legislative power as circumscribed by the Constitution. That is to say that to withstand the strictures of the Establishment Clause there must be a secular legislative purpose and a primary effect that neither advances nor inhibits religion." *Abington School District* v. *Schempp, supra,* 222. This test must be applied by us in considering the various proposals before us.

In our opinion, Senate Bill 319 permitting a $50 tax exemption on residential real estate to be granted to persons having one or more children attending a nonpublic school would produce unconstitutional discrimination. It would make available to the parents funds which they could contribute directly to the nonpublic school, including parochial schools, without restricting the aid to secular education. While the amount of $50 may seem

small, yet if the principle were upheld, the amount could be increased to a point whereby it could be used as a means of fully supporting such schools. It is argued that since parents of children in parochial schools contribute to the support of these schools which provide secular education, a public purpose, such an exemption does not differ from the exemption for veterans because both classes of people contribute to the public welfare. However, contributions by parents to the support of parochial schools also support sectarian education which is not a public purpose.

Senate Bill 320 which would include in the base for computing foundation aid the number of children attending nonpublic schools is constitutional in our opinion. Although it may reduce to some extent the real estate taxes paid by all taxpayers, thereby incidentally freeing money for those having children in nonpublic schools to contribute more to them, we believe the primary purpose and effect is to encourage and help support those public purpose services to nonpublic school pupils which the district may constitutionally furnish. It may be constitutionally applied, therefore, only to those districts which do in fact provide such services.

Senate Bill 325 would authorize a school board in its discretion to furnish transportation for pupils attending nonpublic schools outside the district even though it is not necessary to furnish transportation outside the district to public school pupils. We believe this bill to be of doubtful constitutionality. This is so primarily because the bill delegates undefined discretion to the school board which is easily subject to discriminatory application.

Senate Bill 326 would authorize the furnishing of certain enumerated child benefit services. These include "VI. Other child benefit services deemed to be necessary or desirable for the well-being of pupils." We assume that these services will be of the same general nature as those specified in I through V, such as school physician, school nurse, school guidance services and the like. As so interpreted the bill if enacted would in our opinion be constitutional under the theory of the *Allen* and *Everson* cases and *Opinion of the Justices,* 99 N. H. 519, *supra,* and *Opinion of the Justices,* 99 N. H. 536.

Senate Bill 327 would provide for the loan or sale of public school textbooks to pupils enrolled in nonpublic schools. Since

the books would be confined to those required for use in public schools, they would presumably include only books on secular subjects. In our opinion this bill if enacted would be constitutional. *Board of Education* v. *Allen, supra; Everson* v. *Board of Education, supra; Opinion of the Justices,* 99 N. H. 519, *supra; Opinion of the Justices,* 99 N. H. 536, *supra.* Our answer presumes that the books will be loaned free of charge, or sold at cost, to the pupils, as this bill provides.

After the adoption of your resolution, Laws of 1969, Chapter 356, was enacted providing for dual enrollment of pupils in public and nonpublic schools. This matter, therefore, appears not to be one which is pending before you regarding which you need advice in the performance of your duties, but rather is one relating to the constitutionality of existing law on which under these circumstances it is our constitutional duty not to give an advisory opinion. *Opinion of the Justices,* 99 N. H. 524.

We have answered the other questions, even though after adjournment no such questions are pending, in view of the probability of a special session at which they may be considered. *Opinion of the Justices,* 105 N. H. 125; *Opinion of the Justices,* 109 N. H. 473. We should point out that we cannot predict every issue which may be presented as a result of the application of the various acts if they should become law. Such issues can be decided only if the occasion arises. *Opinion of the Justices,* 99 N. H. 536, 539.

Appended hereto are listed the legislative bills pending before the New Hampshire Senate and the questions propounded thereunder.

FRANK R. KENISON.
LAURENCE I. DUNCAN.
EDWARD J. LAMPRON.
WILLIAM A. GRIMES.
ROBERT F. GRIFFITH.

October 31, 1969.

*Burns, Bryant, Hinchey & Nadeau* and *John T. Barrett, III* for the Roman Catholic Bishop of Manchester for negative answers.

*Cleveland, Waters & Bass* by *Warren E. Waters,* and *Franklin C. Salisbury,* of Washington, D. C., for "Americans United" for affirmative answers.

## APPENDIX

Senate Bill 319 An Act relative to tax exemptions for property owners with children attending nonpublic schools.

1. Do the provisions of said bill conflict with the prohibitions contained in Part II, Article 83d of the Constitution of New Hampshire?

2. Do the provisions of said bill conflict with Amendment I of the Constitution of the United States as applied to the states through Amendment XIV of said Constitution?

3. Do the provisions of said bill conflict with Part I, Article 12th of the Constitution of New Hampshire?

4. Do the provisions of said bill conflict with Part II, Article 5th of the Constitution of New Hampshire?

5. Do the provisions of said bill conflict with any other provisions of the Constitution of New Hampshire or of the United States Constitution?

Senate Bill 320 An Act relative to the basis for computing foundation aid.

Senate Bill 325 An Act relative to the transportation of pupils.

Senate Bill 327 An Act relative to the loan of textbooks to public and nonpublic school pupils.

1. Do the provisions of said bills conflict with the prohibitions contained in Part II, Article 83d of the Constitution of New Hampshire?

2. Do the provisions of said bill conflict with Amendment I of the Constitution of the United States as applied to the states through Amendment XIV of said Constitution?

3. Do the provisions of said bill conflict with any other provisions of the Constitution of New Hampshire or of the United States Constitution?

Senate Bill 326 An Act relative to child benefit services in the public and nonpublic schools.

1. Do the provisions of said bill as written, without reference to the manner in which they may be applied, conflict with Part II, Article 83d of the Constitution of New Hampshire?

2. Do the provisions of said bill, without reference to any potential applications thereof, conflict with Amendment I of the Constitution of the United States as applied to the states through Amendment XIV of said Constitution?

3. Do the provisions of said bill conflict with any other provisions of the Constitution of New Hampshire or of the United States Constitution?

House Bill 401 An Act relative to compulsory school attendance, dual enrollment and transportation of pupils.

1. Assuming that under the provisions of section 1 of said bill the benefits of public school instruction or activities are provided to parochial school pupils upon parochial school property, would this be an unconstitutional application of said provisions in conflict with Part II, Article 83d of the Constitution of New Hampshire, or with Amendment I of the Constitution of the United States as applied to the states through Amendment XIV of said Constitution?

2. Assuming that under the provisions of section 1 of said bill the benefits of public school instruction or activities are provided to parochial school pupils upon parochial school property that has been leased to the public school district, would this be an unconstitutional application of said provisions in conflict with Part II, Article 83d of the Constitution of New Hampshire or with Amendment I of the Constitution of the United States as applied to the states through Amendment XIV of said Constitution?