Request of the Senate
No. 7496

## Opinion of the Justices

June 29, 1976

The following resolution was adopted by the senate on May 25, 1976, and filed with the supreme court on May 27, 1976:

"Whereas, Article 8th of Part Second of the Constitution of New Hampshire requires the doors of the senate gallery to be kept open with certain exceptions; and

"Whereas, chapter 91-A of the Revised Statutes Annotated applies to 'public proceedings' of the general court; and

"Whereas, a reception was held on May 18, 1976, at the request of Mr. Marshall Cobleigh, an aide to Governor Meldrim Thomson, Jr., and to which Mr. Cobleigh individually invited members of the New Hampshire senate; and

"Whereas, one or more newsmen were allegedly barred from said proceedings and have challenged such exclusion as violative of Article 8th of Part Second of the Constitution and chapter 91-A of the Revised Statutes Annotated; and

"Whereas, similar meetings may be challenged by other individuals and by members of the New Hampshire senate in the future;

"Now, Therefore, Be It Resolved by the senate that the justices of the supreme court be respectfully requested to give their opinion upon the following important questions of law:

"1. Under what circumstances, if any, would a gathering held outside the senate chambers at the request of a public official other than a member of the senate, at which members of the senate attend and at which no legislative action is proposed or taken, be a meeting subject to Article 8th of Part Second of the Constitution of New Hampshire?

"2. Under what circumstances, if any, would a gathering held outside the senate chambers at the request of a public offi-

cial other than a member of the senate, at which members of the senate attend and at which no legislative action is proposed or taken, be a 'public proceeding' of the general court as defined in RSA 91-A:1, I?

"3. What constitutes a 'public proceeding' of the general court as defined by RSA 91-A:1, I?

"Further Resolved that the clerk of the senate be instructed to transmit to the clerk of the supreme court 10 copies of this resolution."

The following answer is returned:

*To the Honorable Senate:*

The undersigned justices of the supreme court submit the following reply to the inquiries contained in your resolution dated May 25, 1976, and filed with the supreme court on May 27, 1976.

The first two questions may be summarized as follows: Under what circumstances would a gathering of senators outside the senate chambers at the request of a public official not a member of the senate, without legislative action being proposed or taken, (1) be a meeting subject to part II article 8 of the New Hampshire constitution or (2) be a public proceeding of the general court as defined in RSA 91-A:1 I (Supp. 1975). The third question is what constitutes a public proceeding of the general court as defined by RSA 91-A:1 I (Supp. 1975). These questions are tied to the following statements in the resolution: "Whereas, a reception was held on May 18, 1976, at the request of Mr. Marshall Cobleigh, an aide to Governor Meldrim Thomson, Jr., and to which Mr. Cobleigh individually invited members of the New Hampshire senate; and Whereas, one or more newsmen were allegedly barred from said proceedings and have challenged such exclusion as violative of Article 8th of Part Second of the Constitution and chapter 91-A of the Revised Statutes Annotated . . . ."

It appears from some of the briefs and memoranda that have been filed with us that certain facts are in dispute. Examples of this are (a) whether the assemblage of May 18, 1976 was a "reception" as stated in the resolution or a public meeting; (b) whether legislative action was or was not proposed on May 18, 1976; (c) whether newsmen were barred from the proceedings on May

18th. We do not dispute any statement in the resolution; we note only that certain facts are in dispute, with the result that the factual situation is both incomplete and uncertain.

The constitutional duty of the justices of the supreme court (N.H. CONST. pt. II, art. 74) to give advisory opinions is limited to questions of law pending before the inquiring body and does not include legal questions which involve resolution of questions of fact. *Opinion of the Justices,* 76 N.H. 601, 603, 81 A. 170, 171 (1911); *Opinion of the Court,* 45 N.H. 607 (1864). This is why it has been the long-established law in this State that the "constitutional provision for advisory opinions, with exceptions not material here, does not permit the Supreme Court to advise the Legislature as to the meaning and scope of existing statutes." *Opinion of the Justices,* 102 N.H. 187, 188, 152 A.2d 872, 873 (1959). Similar considerations prevent the supreme court from rendering advisory opinions on the constitutionality of existing laws as distinct from the constitutionality of proposed legislation. *Opinion of the Justices,* 115 N.H. 222, 223, 337 A.2d 354, 355 (1975); *Opinion of the Justices,* 109 N.H. 578, 583, 258 A.2d 343, 347 (1969); *Opinion of the Justices,* 99 N.H. 524, 525, 113 A.2d 542, 543 (1955); *Opinion of the Court,* 62 N.H. 704, 705 (1816); *see* Note, *Advisory Opinions on the Constitutionality of Statutes,* 69 Harv. L. Rev. 1302, 1304 (1956).

A recent comprehensive survey of advisory opinions in the ten States in which the practice exists shows that New Hampshire has done its fair share in answering questions whenever possible and that its refusal to answer have been infrequent and for good cause, based on long-established prior decisions. Comment, *The State Advisory Opinion in Perspective,* 44 Fordham L. Rev. 81-113 (1975). The recent *Opinion of the Justices,* No. 7494, dated June 8, 1976, is another example of an opinion rendered with dispatch before the present session of the general court had adjourned. For reasons previously stated, the justices of the supreme court respectfully ask to be excused from answering your present inquiries because they are not within the spirit or letter of the constitutional provision for advisory opinions. N.H. CONST. pt. II, art. 74.

FRANK R. KENISON
LAURENCE I. DUNCAN
EDWARD J. LAMPRON
WILLIAM A. GRIMES
ROBERT F. GRIFFITH

June 29, 1976.

Alf E. Jacobson, Senate President, filed a brief.

David L. Swearingen, Chief of Bureau, Associated Press, filed a brief.

Thomas W. Gerber, Editor, Concord Monitor, filed a memorandum of law.

John Stylianos, Managing Editor, and William F. Dougherty, Chief Editorial Writer, for the Nashua Telegraph, filed memoranda of law.