Request of the Governor and Council
No. 7932

## Opinion of the Justices

October 26, 1977

The following resolution was adopted by the Governor and Council on October 25, 1977, and filed with the supreme court on October 25, 1977:

"WHEREAS, the following actions have taken place since Friday, October 21, 1977, with respect to HB 1000, the biennial budget bill passed by the General Court in their regular session of 1977:

"1. On October 21, 1977, the Secretary of State presented to the Governor the following documents.

a. A paper folder containing among other things the report of the Enrolled Bills Committee as accepted by the Houses of the General Court.

b. The original version of HB 1000 as submitted by the sponsors.

c. An amendment thereto adopted by the House of Representatives.

d. An amendment thereto adopted by the Senate.

e. The Committee of Conference report, adopted by each House, but not containing a complete text of HB 1000. as finally passed.

"2. On October 24, 1977, the Acting Director of Legislative Services came to the Office of the Governor and removed two pages of the report of the Committee of Enrolled Bills, and substituted for them two other pages, indicating a material difference from the contents of the two pages removed.

"3. On October 24, 1977, a member of the Office of the Legislative Budget Assistant presented to the Governor a complete version of HB 1000 as passed by both Houses, being a synthesis of all action taken by each House of the General Court on the bill.

"WHEREAS, it has been the invariable practice within recent memory, when presenting a bill to the Governor within the meaning of Article 44 of Part II of the Constitution of New Hampshire, to present the complete and final version or text of the bill as well as the text of the original bill as submitted and any amendments made to it from time to time in the legislative process, presumably to allow the Governor to devote the time allowed for consideration

to a consideration of the merits of the final legislative product, by relieving him of the need to assemble that product himself;

"WHEREAS, RSA 14:9 (Supp) expressly requires the Secretary of State to present a bill to the Governor;

"WHEREAS, presently there is in effect neither a budget act nor an operating resolution or other spending authority running to the officers of the government of the State;

"WHEREAS, the Governor is satisfied that the version of HB 1000 presented to him by the member of the Office of the Legislative Budget Assistant on October 24, 1977, is a correct version of HB 1000 as passed by the General Court;

"WHEREAS, in view of the extreme financial difficulties attending the absence of any spending authority, the Governor is prepared to take a position on HB 1000;

"WHEREAS, the Governor may desire to allow HB 1000 to become law without his signature;

"WHEREAS, it is a matter of the greatest importance to provide legal spending authority under which the Governor and Council may approve warrants under Article 56 of said Part II authorizing the expenditure of funds necessary to carry on the functions of the government and to aid those dependent upon the government for their support; and

"WHEREAS, the manner of presenting the various documents to the Governor as described above creating a consequent uncertainty about the spending authority of the State, presents a solemn occasion on which important questions of law arise;

"NOW, THEREFORE, BE IT RESOLVED that the Justices of the Supreme Court of New Hampshire be respectfully requested to give their opinions under Article 74 of said Part II on the following questions of law:

"1. In view of the invariable past practice described above, was HB 1000 presented to the Governor on October 21, 1977, within the meaning of said Article 44?

"2. If the answer to question 1 is no, since the Secretary of State presented nothing to the Governor on October 24, 1977, was HB 1000 presented to the Governor on October 24, 1977?

"3. In view of the concern of the Governor and Council that there be a sound legal basis for the expenditure of money to operate

the government and to honor its obligations, if the Governor formally states in writing that he waives any defects in the presentation to him of HB 1000, and if he files that written statement with the Secretary of State together with HB 1000 unsigned by him, will HB 1000 become law at the time of its delivery to the Secretary of State, without the expiration of five days from the date of complete presentation to the Governor?

"AND BE IT FURTHER RESOLVED that the Secretary of State be, and hereby is, directed to deliver ten copies of this resolution to the Clerk of the Supreme Court of New Hampshire."

The following answer was returned:

*To His Excellency the Governor and the Honorable Council:*

The court realizes there is presently in effect neither a budget act nor an operating resolution or other spending authority running to the officers of the government of the state. Further, that it is a matter of the greatest importance to provide legal spending authority authorizing the expenditure of funds necessary to carry on the functions of the government. In light of these extraordinary circumstances, assuming the facts as contained in the foregoing resolution to be uncontroverted, and the brief interval of time within which to research and consider the questions posed therein, we the undersigned justices answer the questions as follows:

If the Governor waives any defect in the presentation to him of House bill 1000, and if he files that written statement with the secretary of state, then the fact that the proper version of House bill 1000 was not presented until October 24, 1977, should not contravene the fact that valid presentation was made on October 21, 1977, and therefore questions 1 and 3, considered jointly, are answered in the affirmative.

An answer to question 2 therefore is unnecessary.

WILLIAM A. GRIMES
MAURICE P. BOIS
CHARLES G. DOUGLAS III

*To His Excellency the Governor and the Honorable Council:*

"The constitutional duty of the justices of the supreme court (N.H. CONST. pt. II, art. 74) to give advisory opinions is limited to questions of law pending before the inquiring body and does not include legal questions which involve resolutions of questions of

fact." *Opinion of the Justices,* 116 N.H. 358, 360, 360 A.2d 889, 891 (1976). As the questions posed by the above resolution may involve determination of questions of fact, no advisory opinion should be rendered.

FRANK R. KENISON