Request of the House of Representatives
No. 81-101

## OPINION OF THE JUSTICES

April 6, 1981

The following resolution, House Resolution No. 22, requesting an opinion of the justices was adopted by the House of Representatives on March 31, 1981, and filed in the supreme court on April 1, 1981:

"Whereas, the House of Representatives has under consideration several bills which provide financial incentives for rebuilding Rockingham Park as a race track or as a multi-purpose sports complex; and

"Whereas, one proposal for rebuilding Rockingham Park is reportedly conditioned upon having horse racing and greyhound racing conducted at the same facility; and

"Whereas, the voters of Salem are required under RSA 284:15-c

to approve the holding of dog race meets in their town before a license may be issued by the greyhound racing commission; and

"Whereas, the voters of Salem on March 10, 1981, disapproved Article 3 which would have approved the issuance of a license to conduct dog race meets by 4272 votes no to 1943 votes yes while approving Article 2 by votes of 5110 yes to 3193 no to issue a license for dog racing on the condition that the licensee hold such races at a multiple element sports and entertainment complex, and while approving question 'a' of Article 4 by votes of 625 yes to 263 no to issue such a license on the condition that the licensee execute a long-term lease with the Boston Bruins hockey team; and

"Whereas, the House of Representatives needs to know if the action taken by the voters of Salem will nullify certain proposals now being considered by the House relative to the financing of a sports complex in Salem; now, therefore be it

"Resolved by the House of Representatives;

"That the Justices of the Supreme Court are respectfully requested to give their opinion and answer the following questions:

"1. Does RSA 284:15-c authorize the Greyhound Racing Commission to issue a license for dog racing where there has been no unconditional approval given by the voters, in the terms of the statute?

"2. If the result of the vote in Salem is to impose conditions on the issuance of a dog racing license which can be met only by one applicant, does the vote of the town limit the commission's authority to consider the granting of a license only to that applicant?

"3. Is the greyhound racing commission authorized to issue a license disregarding the conditions purportedly established in the Salem votes?

"4. If the greyhound racing commission is not authorized to disregard the conditions established in the Salem votes, which of the conditions attached by the voters must be honored by the commission?

"That the clerk of the House transmit copies of this resolution to the Justices of the Supreme Court."

The following reply was returned:

*To the Honorable House of Representatives:*

The undersigned justices of the supreme court reply as follows to your request filed in this court on April 1, 1981.

■ The four questions may be summarized as asking whether, in view of the results of the March 10, 1981 referendum of the Salem voters, the greyhound racing commission has authority

under RSA 284:15-c to issue a license for dog racing at Rockingham Park if the legislature enacts certain unspecified financial incentives.

In *Opinion of the Justices*, 116 N.H. 358, 360, 360 A.2d 889, 891 (1976), we noted that

> "[I]t has been the long-established law in this State that the 'constitutional provision for advisory opinions . . . does not permit the Supreme Court to advise the Legislature as to the meaning of existing statutes.' *Opinion of the Justices*, 102 N.H. 187, 188, 152 A.2d 872, 873 (1959). Similar considerations prevent the supreme court from rendering advisory opinions on the constitutionality of existing laws as distinct from the constitutionality of proposed legislation. *Opinion of the Justices*, 115 N.H. 222, 223, 337 A.2d 354, 355 (1975); *Opinion of the Justices*, 109 N.H. 578, 583, 258 A.2d 343, 347 (1969); *Opinion of the Justices*, 99 N.H. 524, 525, 113 A.2d 542, 543 (1955); *Opinion of the Court*, 62 N.H. 704, 705 (1816); *see* Note, *Advisory Opinions on the Constitutionality of Statutes*, 69 Harv. L. Rev. 1302, 1304 (1956)."

The law is also well settled that this court will not answer questions not directly touching the power or duty of the body making the request. *Opinion of the Justices*, 95 N.H. 557, 558, 66 A.2d 76, 76 (1949); *Opinion of the Justices*, 67 N.H. 600, 601, 43 A. 1074, 1074 (1892).

In our opinion, the questions contained in the resolution conflict with those principles because: (1) they ask for an interpretation of RSA 284:15-c in light of the vote of a local government; (2) they do not seek advice on the constitutionality of proposed legislation; and (3) they concern the authority of the greyhound racing commission rather than the House.

For these reasons, the justices of the supreme court respectfully ask to be excused from answering the questions contained in the resolution because they are not within the spirit or letter of the constitutional provision, N.H. CONST. pt. II, art. 74. *Opinion of the Justices*, 119 N.H. 266, 268, 401 A.2d 507, 508 (1979); *Opinion of the Justices*, 116 N.H. 358, 360, 360 A.2d 889, 891 (1976).

WILLIAM A. GRIMES
MAURICE P. BOIS
CHARLES G. DOUGLAS, III
DAVID A. BROCK
JOHN W. KING

April 6, 1981