Request of Governor and Council
No. 2003-799

OPINION OF THE JUSTICES
(APPOINTMENT OF CHIEF JUSTICE OF THE SUPREME COURT)

December 19, 2003

The Governor and Council adopted the following resolution on December 3, 2003, and filed it with the supreme court on December 9, 2003:

"Whereas, Part 2, Article 46 of the New Hampshire Constitution provides, in pertinent part, that '[a]ll judicial officers ... shall be nominated and appointed by the governor and council;' and

"Whereas, pursuant to Part 2, Article 46, the Governor and Council have nominated and appointed all chief justices of the supreme and superior courts and their predecessor courts since the enactment of Part 2, Article 46 up to and including Chief Justice David A. Brock; and

"Whereas, Part 1, Article 37 sets forth the principle of separation of powers as an integral part of our governmental system of checks and balances; and

"Whereas, the General Court has enacted 2001 N.H. Laws 50:1, amending RSA 490:1 (Supp. 2002) to provide that upon the retirement of Chief Justice Brock 'that the administrative position of chief justice shall be held by the justice with the most seniority on the court for a period of up to 5 years.'

"Whereas, a question has arisen as to the constitutionality of RSA 490:1 as amended by 2001 N.H. Laws 50:1 in light of Part 2, Article 46 and Part 1, Article 37 [of] the New Hampshire Constitution; now, therefore, be it Resolved by the Governor and Executive Council:

"That the Justices of the Supreme Court are respectfully requested to give their opinion and answer the following questions of law:

"I. Does RSA 490:1, as amended by 2001 N.H. Laws 50:1, violate Part 2, Article 46 of the New Hampshire Constitution?

"II. Does RSA 490:1, as amended by 2001 N.H. Laws 50:1, violate the Separation of Powers Clause of the New Hampshire Constitution, Part 1, Article 37?"

The following responses are returned.

*To His Excellency the Governor and the Honorable Council:*

The undersigned justices of the supreme court have considered the questions submitted in your resolution adopted December 3, 2003, and filed on December 9, 2003. You requested our reply on an expedited basis, and, if possible, before December 31, 2003. Time limitations prevented us from complying with our usual practice of allowing interested parties an opportunity to provide memoranda on the questions presented. As time is of the essence, therefore, in response to this resolution, we submit the following:

We have in the past asked to be excused from answering inquiries when they are beyond the spirit or letter of the constitutional provision for advisory opinions. *See Opinion of the Justices*, 116 N.H. 358, 360 (1976); *see also* N.H. CONST. pt. II, art. 74. We respectfully ask to be excused from answering the present inquiries.

■ Part II, Article 74 of the State Constitution empowers the justices of the supreme court to render advisory opinions, outside the context of concrete, fully-developed factual situations and without the benefit of adversary legal presentations, only in carefully circumscribed situations. *See Opinion of the Justices*, 142 N.H. 892, 897-98 (1998). Part II, Article 74 permits the justices of the supreme court to render advisory opinions only "upon important questions of law and upon solemn occasions" when asked to do so by the legislature or the Governor and Council on matters relating to their official duties. N.H. CONST. pt. II, art. 74; *Opinion of the Justices*, 93 N.H. 477, 477-78 (1944). When we issue such opinions, we act not as a court, but as individual constitutional advisors to the legislative or executive branches. *Piper v. Meredith*, 109 N.H. 328, 330 (1969).

■ With respect to issuing advisory opinions about existing statutes, as we are asked to do here, our constitutional authority is especially limited. We have no authority under Part II, Article 74 to issue advisory opinions to either branch of the legislature regarding existing legislation. *Opinion of the Justices*, 121 N.H. 280, 282 (1981). That authority extends only to proposed legislation. *Opinion of the Justices*, 123 N.H. 510, 511 (1983).

There are occasions where the Governor and Council are entitled to advisory opinions as to their official duty and authority under existing law. *Opinion of the Justices*, 102 N.H. 187, 188 (1959). This is not such an

occasion because there are limitations in the operation of Part II, Article 74. *See Opinion of the Justices*, 142 N.H. at 898. To express our views about the constitutionality of RSA 490:1 (Supp. 2002) would be expressing our views upon questions involving private rights. *See id.*; *Opinion of the Justices*, 99 N.H. 524, 525 (1955). It would also place us in the position of giving advice in matters that may come before the court for decision. *Opinion of the Justices*, 142 N.H. at 898.

As we have previously explained, "Where the constitutionality of existing law is . . . brought in question, those who may deem their rights infringed . . . may have recourse to our courts for the protection of their supposed privileges." *Opinion of the Justices*, 99 N.H. at 525 (quotation omitted); *see* SUP. CT. R. 31.

In addition, the unusual nature of the private rights involved in this situation make the questions posed particularly ill-suited for an advisory opinion. Among "those who may deem their rights infringed" could be one of our colleagues or one of us. Because of this, we are disqualified from reaching the merits of the questions. *See* SUP. CT. R. 38, Canon 3E(1). Such being the case, the question of whether replacement justices may be appointed under RSA 490:3 (1997) arises. That question is addressed by the Chief Justice in his separate opinion.

The justices of the supreme court rarely decline to answer questions posed pursuant to Part II, Article 74. *See Opinion of the Justices*, 116 N.H. at 360. We do so now only after carefully considering our constitutional duties and based upon long-established prior decisions.

For these reasons, we respectfully request to be excused from answering the questions posed.

DAVID A. BROCK

JOSEPH P. NADEAU

LINDA S. DALIANIS

JAMES E. DUGGAN

## SEPARATE OPINION OF CHIEF JUSTICE BROCK

I write separately to explain why I conclude that I am not authorized to appoint replacement justices in this matter. Part II, Article 74 of the New Hampshire Constitution vests in "the justices of the supreme court" the exclusive authority to render advisory opinions upon questions posed by the legislature or the Governor and Council "upon important questions of law." N.H. CONST. pt. II, art. 74. Part II, Article 74 does not vest the authority to issue advisory opinions with the supreme court, as an institution, but rather with the individual supreme court justices. When the justices of the supreme court give an advisory opinion pursuant to Part II, Article 74, they do not act as a court, but as constitutional advisors to the legislative or executive branches. *Piper v. Meredith*, 109 N.H. 328, 330 (1969).

Only sitting supreme court justices are "justices of the supreme court" for Part II, Article 74 purposes; only sitting supreme court justices may act as constitutional advisors to co-equal branches of the government. Justices appointed to replace sitting members of the court pursuant to RSA 490:3 (1997) are not "justices of the supreme court." As we explained in *Claremont School District v. Governor (Motion to Vacate)*, 142 N.H. 737, 741-42 (1998), a justice appointed to sit in a specific matter pursuant to RSA 490:3 does not become a supreme court justice. A justice appointed to a specific case is "merely enabled to use his power as a judicial officer on a temporary basis, according to RSA 490:3." *Id.* at 742.

Furthermore, RSA 490:3 does not accord a judge assigned to sit temporarily on the supreme court all of the powers of a sitting supreme court justice, but rather only the authority to "hear arguments, render decisions, and file opinions" in one specific matter. RSA 490:3, III; *see also Claremont School Dist.*, 142 N.H. at 742. In context, the reference to filing an "opinion" does not refer to an advisory opinion, but rather refers to an opinion in a justiciable controversy.

DAVID A. BROCK