No. 71–1532. CHONGRIS ET AL. *v.* CORRIGAN ET AL.
Sup. Ct. Ohio. Certiorari denied.

MR. JUSTICE DOUGLAS, dissenting.

In 1946, this Court articulated the standard to be applied in testing flight patterns over private property against the Just Compensation Clause of the Fifth Amendment. *United States* v. *Causby,* 328 U. S. 256. We held that "the flight of airplanes, which skim the surface but do not touch it, is as much an appropriation of the use of the land as a more conventional entry upon it." We noted that the important factor is whether the intrusion impinges on "the owner's full enjoyment of the property and . . . his exploitation of it." *Id.,* at 264–265. And, in 1962, we reiterated that standard. *Griggs* v. *Allegheny County,* 369 U. S. 84.

State after State, in the years since *Causby,* has come to the conclusion that airport zoning schemes that impose height restrictions on the use of the land located below the flight paths of approaching and departing aircraft are unconstitutional efforts to avoid the costs properly incident to the use of airport facilities, and that the imposition of such regulations upon private property constitutes a "taking" prohibited by the Constitution. *Yara Engineering Corp.* v. *Newark,* 132 N. J. L. 370, 40 A. 2d 559 (1945); *Ackerman* v. *Port of Seattle,* 55 Wash. 2d 400, 348 P. 2d 664 (1960); *Indiana Toll Road Comm'n* v. *Jankovich,* 244 Ind. 574, 193 N. E. 2d 237 (1963); *Roark* v. *Caldwell,* 87 Idaho 557, 394 P. 2d 641 (1964); *Jackson Municipal Airport Authority* v. *Evans,* 191 So. 2d 126 (Miss. 1966); and *Sneed* v. *County of Riverside,* 218 Cal. App. 2d 205, 32 Cal. Rptr. 318 (1963). Lower Ohio courts agreed. *Hageman* v. *Bd. of Trustees,* 20 Ohio App. 2d 12, 251 N. E. 2d 507 (Montgomery Co., 1969); 23 Ohio Misc. 93, 259 N. E. 2d 162 (Common Pleas, Montgomery Co., 1968).

Yet a quarter of a century after *Causby,* the Supreme Court of Ohio has sustained the Airport Zoning Statutes contained in Chapter 4563 of the Ohio Revised Code.

It accomplishes this tour de force through the application of *Euclid* v. *Ambler Realty Co.,* 272 U. S. 365. Reasoning that zoning regulations always involve some restriction on the uses to which land may be put, the court balanced "the loss of use against the benefits to society thus obtained." *Village of Willoughby Hills* v. *Corrigan,* 29 Ohio St. 2d 39, 46, 278 N. E. 2d 658, 663 (1972). It is a nice question when police power comes to an end as a justification for public taking of private property. Is it when the public at large is benefited at the expense of an owner of private property who has refrained from using his land in a way that is not obnoxious to his neighbors? Arguably eminent domain principles then apply; and, although the public may force upon the property owner the public need for his land, compensation is due him.

The Court's denial of the petition for certiorari in this case suggests that "[w]e are in danger of forgetting that a strong public desire to improve the public condition is not enough to warrant achieving the desire by a shorter cut than the constitutional way of paying for the change." *Pennsylvania Coal Co.* v. *Mahon,* 260 U. S. 393, 416 (Holmes, J.).

The present case tenders some of the issues present when the government seeks a scenic easement so as to bar the erection of towers or other high structures. We said in *Causby:*

> "The path of glide for airplanes might reduce a valuable factory site to grazing land, an orchard to a vegetable patch, a residential section to a wheat field. Some value would remain. But the use of the airspace immediately above the land would limit the utility of the land and cause a diminution in its value." 328 U. S., at 262.

Whether there has been a diminution in value of petitioners' property is not clear from the present record. Whether the zoning regulations themselves constitute a taking is necessarily involved, as is the question of the appropriate remedy for an aggrieved property owner.

These are all important questions of public importance throughout the country and lead me to conclude that the petition should be granted and the case put down for oral argument.