Personnel Commission
No. 7047

JOHN A. COLBURN

v.

STATE OF NEW HAMPSHIRE
PERSONNEL COMMISSION

June 30, 1975

*Cleveland, Waters & Bass* and *Michael C. Moyers ( Mr. Moyers* orally) for the plaintiff and intervenors, The State Employees Association of New Hampshire, Inc.

*Warren B. Rudman,* attorney general, and *Charles G. Cleaveland,* assistant attorney general *( Mr. Cleaveland* orally), for the State.

PER CURIAM. On October 25, 1974, the plaintiff filed an appeal with this court from a decision of the commission upholding his discharge from his position as a job counselor in the WIN Program which is administered by the office of manpower affairs. On that same date, this court directed the commission to file a certified copy of the record of the proceeding in accordance with RSA ch. 541. On November 15, 1974, the commission then requested of the plaintiff $1,150, which was "the estimated cost of preparation of the transcript," prior to its certification of the record of appeal pursuant to RSA 98:14-a (Supp. 1973).

On or about December 4, 1974, the plaintiff made a motion which is the subject of this appeal requesting that this court order the record completed. Although somewhat belatedly made, the plaintiff claims indigency and an inability to pay the cost of the transcript in an affidavit filed May 5, 1975.

The amount of testimony in this case covering a period of twelve hours makes the cost of transcribing the tape-recording unusually

high for a case of this kind. If plaintiff is found to be indigent, he should not be prevented from perfecting his appeal because of his inability to pay the cost of a full transcript.

This does not mean however that the State must furnish a full transcript in case it is found plaintiff is indigent. In view of the cost of this transcript, we suggest that for the purposes of this case counsel agree on a partial transcript, a summary, or some other alternative by which a review may be had in this court.

*Remanded.*