Request of Governor and Council
No. 7788

## OPINION OF THE JUSTICES

May 17, 1977

The following resolution was adopted by the Governor and Council on May 4, 1977, and filed with the supreme court on May 5, 1977:

"WHEREAS, the New Hampshire Board of Probation by a petition filed with the Governor and Council, in two parts, dated March 11th, 1977, and March 21st, 1977 has sought the removal of the Director of Probation, John A. King, pursuant to RSA 4:1; and

"WHEREAS, Governor Meldrim Thomson, Jr. has recused himself from presiding in this matter and Senate President Alf E. Jacobson is sitting in his stead; and

"WHEREAS, the pre-hearing procedures have been completed and a hearing on the merits is now scheduled to begin; and

"WHEREAS, Councilor Bernard A. Streeter, Jr. withdrew from sitting by letter to Governor Meldrim Thomson, Jr. on April 29, 1977 (a copy of which is attached); and

"WHEREAS, counsel for the Board of Probation has objected to the grounds advanced by Councilor Streeter for withdrawal as being insufficient to warrant withdrawal; and

"WHEREAS, counsel for the Board of Probation has objected to going forward in this matter without a full five-member Executive Council sitting on the case; and

"WHEREAS, this question is a threshold issue which must be resolved prior to evidence being received in this case so that an important question of law is presented on a solemn occasion so that the Senate President and Council believe it is appropriate to request an advisory opinion of the Justices pursuant to Part II, Article 74 of the New Hampshire Constitution.

"NOW, THEREFORE, BE IT RESOLVED that the Justices of the Supreme Court be respectfully requested to give their opinion on the following important questions of law:

"1. Can a removal proceeding pursuant to RSA 4:1 take place with four members of the Executive Council sitting instead of the full five-member Executive Council?

"2. If the answer to Question One is in the negative and if a councilor properly withdraws or is disqualified, is there any provision for an alternate councilor to be designated or appointed and if so, how is that accomplished?

"3. Is the reason advanced by Councilor Streeter for his withdrawal in his April 29th letter to Governor Meldrim Thomson, Jr. a sufficient basis to withdraw himself from participation in the hearing?

"4. In an RSA 4:1 removal proceeding, must a member of the Executive Council be present for all testimony or can a member miss certain sessions so long as that Councilor reviews the entire transcript prior to voting on the matter?

"AND BE IT RESOLVED THAT the Secretary of State be directed to submit six attested copies of this resolution to the Clerk of the Supreme Court."

The following answers were returned:

*To His Excellency the President of the Senate and the Honorable Council:*

The undersigned justices of the supreme court submit the following answers to the questions contained in your resolution adopted May 4, 1977, and filed with us on May 5, 1977.

 Your first question is "Can removal proceedings pursuant to RSA 4:1 take place with four members of the Executive Council sitting instead of the full five-member Executive Council." The answer to this question is "Yes." A majority of the Council constitutes a quorum. *Opinion of the Justices*, 98 N.H. 530, 98 A.2d 635 (1953); N.H. CONST. pt. II, art. 46, 62; RSA 21:15. Inasmuch as the second question is asked only in the event the answer to the first is in the negative, there is no occasion to answer the second question.

 Your third question is whether the reason advanced by Councilor Streeter for his withdrawal is a sufficient basis to withdraw himself from participation in the hearing. This is a personal decision by the councilor and it does not appear to involve a matter which relates to action to be considered by the Governor and Council. *Opinion of the Justices*, 98 N.H. 537, 104 A.2d 208 (1954); *see Opinion of the Justices*, 102 N.H. 183, 152 A.2d 870 (1959). We respectfully request to be excused from answering the question because it "is not within the spirit or letter of the constitutional provision for advisory opinions. N.H. CONST. pt. II, art. 74." *Opinion of the Justices*, 116 N.H. 358, 360 A.2d 889 (1976).

Your fourth and last question is "In an RSA 4:1 removal proceeding, must a member of the Executive Council be present for

all testimony or can a member miss certain sessions so long as that councilor reviews the entire transcript prior to voting on the matter?"

█ Extended absences from administrative hearings by an administrator charged with making a decision have been held not to invalidate the decision provided he reviews the evidence and bases his decision on the record. *Browning-Ferris Indus. v. State*, 115 N.H. 190, 339 A.2d 1 (1975); Annot., 18 A.L.R.2d 606 (1951) and Supp. 1976. However in removal proceedings under RSA 4:1, the latitude may not be as great. We are of the opinion that a short absence would not disqualify a councilor provided the transcript of the testimony was read and provided further that the evidence was such as not to require personal observation of the witness. *See Van Teslaar v. Bender*, 365 F. Supp. 1007 (D. Md. 1973).

█ This is the second request for an advisory opinion in this matter. N.H. Const. pt. II, art. 74 does not contemplate that this court should be required to give advisory opinions seriatim in interlocutory matters arising during proceedings under RSA 4:1.

FRANK R. KENISON
EDWARD J. LAMPRON
WILLIAM A. GRIMES
CHARLES G. DOUGLAS, III

BOIS, J., being a member of the board of probation requests that he be excused from giving an opinion.

Executive Councilor Bernard A. Streeter, Jr., District No. 5 filed memorandum.