Personnel Commission
No. 7047

JOHN A. COLBURN

v.

PERSONNEL COMMISSION

February 3, 1978

62

*Cleveland, Waters & Bass,* of Concord *(Howard J. Zibel* orally), for the plaintiff.

*David H. Souter,* attorney general, and *Charles G. Cleaveland,* assistant attorney general *(David W. Marshall,* assistant attorney general, orally), for the State.

DOUGLAS, J. This appeal, pursuant to RSA ch. 541, challenges a personnel commission's determination upholding the plaintiff's discharge from his position as a job counselor in the WIN program of the Office of Manpower Affairs. The plaintiff contends that he was denied a procedural right afforded by the Rules of the Department of Personnel (Rules), that the procedure involved deprived him of a property right without due process of law, and that the commission's decision is arbitrary, capricious, and made without proper findings. He also attacks the commission's finding that he was not indigent and was capable of paying for a transcript for this appeal. We affirm the dismissal, but reverse the finding of non-indigency.

On November 6, 1973, the plaintiff received a written warning of unsatisfactory work performance from his supervisor under rule VIII, section 3C(b). The plaintiff took timely exception to this

warning, rule VIII, § 3C(d), "by initiating action under the appeal procedure," rule VI, § 5. The supervisor, after discussions with Mr. Colburn and upon no indication of substantial improvement in job performance, issued a second written warning on January 16, 1974. The plaintiff seasonably excepted to the second notice. The supervisor's further efforts to counsel the plaintiff in improving his performance proved unsuccessful. Plaintiff then received a third written warning and notice of discharge. Rule VIII, § 3C(e). He had received no communication from the director of personnel on either of his two requests for hearings dealing with the first two warnings until after he had received the third warning and discharge notice. By letter dated April 3, 1974, the director of personnel informed Mr. Colburn that no hearing date had yet been set "relative to your two letters of warning," citing the commission's substantial "backlog" as the reason for the delay. Plaintiff appealed his discharge on April 10, 1974. Hearings on all matters before the commission were held on May 24, June 21, and July 12, 1974.

■ An agency must follow its own regulations and a discharge procured in the face of a substantial violation of those regulations is invalid. *Hunt v. Personnel Comm'n*, 115 N.H. 713, 716–17, 349 A.2d 605, 608 (1975). The plaintiff contends that rule VI, section 5, step IV(4) defines his rights upon exception to a written notice of unsatisfactory work:

> [t]he Director will review the entire matter, arrange a meeting between all concerned if practical, and recommend in writing to the employee or his chosen representative and to the agency head concerned within fifteen working days from the date the request is received what further action, if any, in accordance with existing statutes and rules may be justified.

He also contends that he should have been given a predischarge hearing. The commission responds that the director has discretion to refer the matter to the personnel commission, *id.*, step IV(5), which it contends is the usual practice. It also alleges that when the commission is faced with a backlog, warning and discharge appeals are normally consolidated.

■ An administrative agency's interpretation of its procedural rules is binding on courts, *FCC v. Pottsville Broadcasting Co.*, 309 U.S. 134, 143 n.6 (1940), when that interpretation involves

64

no error of law. On their face, the commission's rules do not require that an employee have a predischarge hearing. Nor do they provide that an employee receive a hearing on each written warning before another is issued. The plaintiff has failed to show that the commission's procedure has no basis in law or that that procedure has been applied inconsistently to him.

 Thus, if the plaintiff's discharge is to be reversed, such an action must be predicated on the director's disregard of rule VI, section 5, step IV(4) per se. Admittedly, this rule obligates the director to respond to the plaintiff's exception. As such, it affords him a right for which there must be a remedy. *See Marbury v. Madison,* 5 U.S. (1 Cranch) 137, 163 (1803). However, in the absence of a showing that the procedural error substantially contributed to the dismissal without regard to the merits underlying the director's action, the proper remedy is not reinstatement. *See Pascal v. United States,* 543 F.2d 1284 (Ct. Cl. 1976). We can discern no prejudice to the merits of the plaintiff's case arising from the director's inaction. He was eventually granted a full evidentiary hearing at which he presented numerous witnesses in an effort to rebut the charges against him. The plaintiff's failure to reverse his firing resulted in no way from the lack of an adequate response to his exceptions.

 Furthermore, the procedure that the plaintiff received is more than is required by the due process clause of the United States Constitution. In matters of public employment, the due process clause looks to State law to define the extent of a person's property interest in his job. *Bishop v. Wood,* 426 U.S. 341 (1976); *Perry v. Sindermann,* 408 U.S. 593 (1972); *Board of Regents v. Roth,* 408 U.S. 564 (1972). We have defined that interest. *Desmarais v. Personnel Comm'n,* 117 N.H. 582, 378 A.2d 1361 (1977); *McIntosh v. Personnel Comm'n,* 117 N.H. 334, 374 A.2d 436 (1977); *Nason v. Personnel Comm'n,* 117 N.H. 140, 370 A.2d 634 (1977) (per curiam). "None of our decisions have held as a matter of state law that public employment per se becomes a protected property right of the employee." *Desmarais v. Personnel Comm'n,* 117 N.H. at 582, 378 A.2d at 1364. Because the plaintiff has no protected property right in his job, the procedure the State chooses to afford him accords with the mandates of the due process clause.

 Plaintiff attacks various aspects of the commission's decision-making as against State law. His first contention is that

the commission's findings of fact are insufficient to meet the standards set forth by this court in *Foote v. State Personnel Commission,* 116 N.H. 145, 355 A.2d 412 (1976). Basic findings of fact supported by the record are required simply to allow this court to understand administrative decisions and to ascertain whether the facts and issues considered sustain the ultimate result reached. *Society for the Protection of N.H. Forests v. Site Evaluation Comm.,* 115 N.H. 163, 172–73, 337 A.2d 778, 786 (1975); *see Foote v. State Personnel Comm'n,* 116 N.H. at 148–49, 355 A.2d at 414. The plaintiff was discharged for unsatisfactory work. The basic reasons for his unsatisfactory job performance enumerated in the commission's findings provide this court with an ample basis from which to judge the commission's action.

Another challenge concerns changes in the commission's membership after its decision but before findings of fact were entered. The new members reviewed the case from the record. That all evidence was considered by the members of the commission is sufficient to support the findings and the affirmation of the original decision. *See Opinion of the Justices,* 117 N.H. 390, 392, 373 A.2d 642, 644 (1977); *Browning-Ferris Indus. v. State,* 115 N.H. 190, 191, 339 A.2d 1, 2 (1975) (per curiam); K. Davis, Administrative Law Text §§ 11.01–07 (3d ed. 1972). Finally, the plaintiff's contention that he was dismissed on "flimsy" evidence is not one that this court must accept; the commission's decision may not be vacated unless it is found to be "unjust or unreasonable." RSA 541:13; *Peabody v. State Personnel Comm'n,* 109 N.H. 152, 155, 245 A.2d 77, 79 (1968). On the record before us, we cannot say that ruling was either unjust or unreasonable.

An interlocutory action in this case dealt with the cost of preparation of the transcript. This court remanded the case to the commission to determine whether the plaintiff was indigent, holding that "[i]f the plaintiff was found to be indigent, he should not be prevented from perfecting his appeal because of his inability to pay the cost of a full transcript." *Colburn v. State,* 115 N.H. 366, 367, 341 A.2d 270 (1975) (per curiam). Despite suggestions by this court, counsel for the parties were unable to agree on a partial transcript. Further motions by the plaintiff to remand to the commission for additions to the record and to enter findings of fact as required by *Foote* were thereafter received. Defendant complied with those requests. Defendant then learned that plaintiff's counsel intended to argue that the plaintiff was unable to pay the tran-

scription costs. A summary of the commission's proceedings, which determined that the plaintiff was able to pay the transcription costs, was drawn up by counsel and filed with this court.

From the date of his discharge in 1974 until September 1975, the plaintiff never earned more than $61.20 per week. In September 1975, he was employed as a clerk in a State liquor store at an annual salary of $6,754.80. The commission's finding that the plaintiff can and should pay over one thousand dollars for the transcript in this appeal is unreasonable and unsupported by the evidence.

*Exception as to transcript sustained; other exceptions overruled.*

LAMPRON, J., did not participate in the decision of this case; the others concurred.