Rockingham
No. 79-245

MANCHESTER AIRPORT AUTHORITY

v.

LOUIS V. ROMANO & a.

March 5, 1980

*Craig, Wenners, Craig & McDowell,* of Manchester (*Joseph F. McDowell, III,* orally), for the plaintiff.

*Sheehan, Phinney, Bass & Green,* of Manchester (*W. Michael Dunn* orally), for the defendants.

PER CURIAM. This interlocutory appeal arises out of condemnation proceedings commenced by the Manchester Airport Authority to acquire air rights in and over land located south of Grenier Field in Londonderry for the purpose of creating an approach zone for the airport. The case was tried before the New Hampshire Eminent Domain Commission which rendered a report and a verdict for the condemnor. The condemnees thereafter sought review in the superior court.

The taking occurred on October 1, 1973, and the petition was filed before the Trial Court (*Flynn*, J.) for the purpose of settling the condemnees' damages. Prior to trial, the condemnor claimed that the appraisal value of the condemnees' properties was materially reduced in value by the airport zoning regulations that were imposed on the town of Londonderry by the New Hampshire Aeronautics Commission on September 26, 1960. *See* RSA 424:5 V.

The condemnees objected to the use of the airport zoning regulations to diminish the damages that resulted from the taking. They moved to exclude the regulations on the grounds that these regulations were unreasonable and constituted a taking of the condemnees' property in violation of the fifth amendment of the United States Constitution. The condemnees' motion was denied by the trial court subject to their exception. An interlocutory appeal was allowed to determine this issue in advance of trial.

 The condemnees' argument that the airport zoning ordinance cannot be considered in computing the amount of compensation due turns on the determination of the ordinance's constitutionality. Evidence of the effect of zoning restrictions is generally admissible in determining the value of property taken by eminent domain. 5 J. SACKMAN, NICHOLS ON EMINENT DOMAIN § 18.11 (3d ed. 1979); Annot., 9 A.L.R.3d 291 (1966). When the ordinance is held to be void, however, it may not be used to impair the value of the property condemned. 5 J. SACKMAN *supra;* Annot., 9 A.L.R.3d 291. We note that, in at least one case, the constitutionality of an airport zoning ordinance similar to the one here at issue has been considered. *Village of Willoughby Hills v. Corrigan*, 29 Ohio St. 2d 39, 278 N.E.2d 658 (1972), *cert. denied sub nom, Chongris v. Corrigan*, 409 U.S. 919 (1972). As the court there said:

> In considering the constitutionality of any "zoning" regulations restricting to any degree the uses to which land may be put, there would appear to be a certain degree of "taking." The question of whether there be an *unconstitutional* "taking," however, involves consideration of the extent or degree to which the landowner's use of his land is limited, and, to an extent, a judicial balancing of the loss of use against the benefits to society thus obtained.

29 Ohio St. 2d at 46, 278 N.E.2d at 663 (emphasis original); *see Village of Belle Terre v. Boraas*, 416 U.S. 1 (1974); *Euclid v. Ambler Co.*, 272 U.S. 365 (1926).

■ We decline to perform such a judicial balancing, however, in advance of trial. The determination whether the ordinance attacked constitutes a taking cannot be made *in vacuo*, but rather, depends on such evidentiary findings as the degree of infringement upon condemnee's use of his land. *See, e.g., Sundell v. New London,* 119 N.H. 839, 409 A.2d 1315 (1979); *Metzger v. Brentwood,* 117 N.H. 497, 502–03, 374 A.2d 954, 957–58 (1977). We therefore remand this case for a determination of basic findings of fact. *See e.g., Colburn v. Personnel Commission,* 118 N.H. 60, 382 A.2d 907 (1978); *Society for the Protection of N.H. Forests v. Site Evaluation Comm.,* 115 N.H. 163, 337 A.2d 778 (1975).

■ We also think it proper to remand so that the town of Londonderry and the State Aeronautics Board may be served with notice of the pendency of this action. Because of their obvious interest in the outcome of this litigation, they should be given leave to intervene. *See Blue Mountain Forest Ass'n v. Town of Croydon,* 119 N.H. 202, 400 A.2d 55 (1979); 59 AM. JUR. 2d *Parties* § 158 (1971). Both the interest of preserving judicial economy and of arriving at a just, appropriate and complete determination of the cause will be served if these parties are joined in this action.

*Remanded.*