Personnel Commission
No. 80-485

APPEAL OF JEFFREY PARKER
(New Hampshire Personnel Commission)

November 16, 1981

*Linda L. Murtha,* general counsel for the State Employees' Association of New Hampshire, Inc., by brief and orally, for the plaintiff.

*Gregory H. Smith*, attorney general (*James E. Townsend*, assistant attorney general, on the brief and orally), for the State.

BROCK, J.   This is an appeal from a decision of the New Hampshire Personnel Commission (commission) sustaining the discharge of the plaintiff, Jeffrey Parker, from his position as night guardian at the New Hampshire Youth Development Center (YDC). "Willful insubordination," Personnel Commission Rule VIII, section 3 B 2, was the ground on which the plaintiff's employment was terminated. We affirm.

During the evening of July 21, 1980, the plaintiff was on duty at YDC's Riverview Cottage. It was the plaintiff's responsibility, with one other employee, to guard the eighteen "highly delinquent" juveniles housed on the second floor of the cottage. Shortly after the plaintiff conducted a bedcheck and while he was reading a newspaper and talking with his co-worker, eight of the juveniles escaped. While the prevention of escapes was one of the primary purposes for which the plaintiff was employed, his employment was not terminated because of the escape itself.

On the next day, July 22, 1980, the administration of the YDC initiated an in-house investigation to determine how the escape occurred. As part of this investigation, the plaintiff was asked to report for an interview. Before the plaintiff was questioned, he was assured that the purpose of the interview was not to discipline him, as YDC officials did not contemplate any disciplinary action. Despite this assurance, however, the plaintiff was uncooperative at the interview, refused to answer questions without his lawyer being present and finally, after being warned not to leave, walked out of the interview commenting that "I don't have to take this s--t." By letter dated that same day, the plaintiff was notified that his employment at the YDC was terminated.

■   At the outset, we note that there is sufficient evidence in the record to sustain the commission's ruling. The plaintiff's refusal to answer questions and thus assist the YDC's investigation into the escape, and his comment when he walked out of the interview, are sufficient to warrant a finding of willful insubordination.

■   Only one issue of substance is presented in this case, and that is whether the plaintiff was entitled as a matter of right to have an attorney present while he was interviewed by the YDC officials. We hold that when, as here, agency officials are conducting a preliminary investigation into occurrences and matters having to do with the day-to-day operations and efficiency of their agency, there is no such right to representation.

As to the due process rights to which a State employee is entitled, it is well settled that the "extent of an employee's property interest in his employment, and consequently the degree of due process attendant upon his separation therefrom, is determined by applicable state law." *McIntosh v. Personnel Comm'n*, 117 N.H. 334, 336, 374 A.2d 436, 437 (1977); *see Colburn v. Personnel Commission*, 118 N.H. 60, 64, 382 A.2d 907, 909 (1978) (citing *Bishop v. Wood*, 426 U.S. 341, 344–45 (1976) and *Perry v. Sindermann*, 408 U.S. 593, 602 n.7 (1972)). In this State, public employment is not a constitutionally protected property right of the employee. *Colburn v. Personnel Commission*, 118 N.H. at 64, 382 A.2d at 909; *Desmarais v. State Personnel Comm'n*, 117 N.H. 582, 588, 378 A.2d 1361, 1364 (1977). Accordingly, "[b]ecause the plaintiff has no protected property right in his job, the procedure the State chooses to afford him accords with the mandates of the due process clause." *Colburn v. Personnel Commission*, 118 N.H. at 64, 382 A.2d at 909. The plaintiff has not relied upon any statute or rule of the commission in support of the proposition that he was entitled to have an attorney present with him at the interview concerning the escape, nor are we able to find any such support. We therefore conclude that no such right exists.

Our opinion today should not be construed as affecting a public employee's constitutional right not to be compelled to give testimony that will be used against him in a subsequent *criminal* proceeding. *See Lefkowitz v. Cunningham*, 431 U.S. 801, 805 (1977); *Sanitation Men v. Sanitation Comm'r*, 392 U.S. 280, 284 (1968). *See generally State v. Gullick*, 118 N.H. 912, 396 A.2d 554 (1978) (waiver of *Miranda* rights must be voluntary beyond a reasonable doubt).

*Affirmed.*

BATCHELDER, J., did not sit; the others concurred.