Hillsborough
No. 85-149

CHARLES S. BURRAGE

v.

NEW HAMPSHIRE POLICE STANDARDS AND TRAINING COUNCIL
AND THE TOWN OF GREENFIELD

March 3, 1986

*Law Offices of Robert J. Moses*, of Amherst (*Mr. Moses* and *Michael D'Angelo* on the brief, and *Mr. Moses* orally), for the plaintiff.

*Stephen E. Merrill*, attorney general (*Douglas L. Patch*, assistant attorney general, on the brief and orally), for the State.

BATCHELDER, J.   In this interlocutory transfer without ruling from the Superior Court (*Pappagianis*, J.) we address two questions: (1) "Whether requiring the [plaintiff], an elected police chief, to meet New Hampshire State Police and Training Council certification requirements violates due process and equal protection of the laws as guaranteed by the State and Federal Constitutions," and (2) "Whether application of RSA 105-A:5, I-a to a police chief elected prior to approval and enactment of RSA 105-A:5, I-a operates as a retrospective application of the law forbidden by Article 23 of the New Hampshire Constitution." For the reasons that follow, we answer both questions in the negative and hold that subjecting this plaintiff, or other elected police officers or police chiefs similarly situated, to the certification requirement of RSA 105-A:5, I-a (Supp.

1983) (now codified at RSA 188-F:27, II (Supp. 1985)) does not violate either the State or Federal Constitution.

The parties submitted an agreed statement of facts. The plaintiff, who has been chief of police in the town of Greenfield since 1976, was most recently elected in March 1983 to serve until March 1986.

The plaintiff was certified by the New Hampshire Police Standards and Training Council (the council) as a part-time officer in March 1982, but has never been certified as a full-time officer. The council denied his request for full-time officer certification based on his training and experience. The plaintiff enrolled in the police academy in 1983 to fulfill the certification requirement for full-time police officers, but failed to complete the program.

RSA 105-A:5, I-a, which requires elected police officers to complete a training program, became effective on June 5, 1983. Under this provision, elected police officers who were in office on the effective date of the statute were given six months to comply with the training requirement.

In January 1984, the plaintiff entered the police academy again. However, he failed to complete the training program, and the council notified the Greenfield selectmen of that fact. At the request of the selectmen, the council granted a six-month extension for the plaintiff to fulfill the certification requirement.

Thereafter, the plaintiff once again asked the council for certification based on his training and experience, but this request was again denied. Subsequently, the plaintiff filed a petition for declaratory judgment and ancillary relief in the superior court and requested a preliminary injunction prohibiting town and State officials from removing him from office or otherwise enforcing the law pending resolution of the issues raised in his petition. The preliminary injunction was issued in June 1984.

At oral argument, plaintiff's counsel stated that in March 1986, at the end of the plaintiff's present term, the Town of Greenfield will appoint rather than elect its police chief.

The plaintiff's first argument is that his constitutional rights to due process and equal protection of the laws have been violated. U.S. CONST. amend. XIV; N.H. CONST. pt. I, arts. 12 and 15. According to the plaintiff, an elected town official assumes a special position as a public trustee. He claims that because he was elected, rather than appointed, he has a protected property right in his position.

■ We disagree. "None of our decisions have held as a matter of State law that public employment per se becomes a protected property right of the employee." *Colburn v. Personnel Commission*, 118

N.H. 60, 64, 382 A.2d 907, 909 (1978) (quoting *Desmarais v. State Personnel Comm'n*, 117 N.H. 582, 588, 378 A.2d 1361, 1364 (1977)). We decline to hold that the plaintiff has a protected property right in his position. *See Personnel Administrator of Mass. v. Feeney*, 442 U.S. 256, 273 (1979). Moreover, in matters of public employment, the federal due process clause looks to State law to define the extent of a person's property interest in his job. *Bishop v. Wood*, 426 U.S. 341, 344 (1976); *Colburn, supra* at 64, 382 A.2d at 909. Accordingly, plaintiff's substantive due process argument is without merit.

The plaintiff also invokes the equal protection clauses of the State and Federal Constitutions. He contends that elected police chiefs have been treated differently than appointed police chiefs and officers. He points out that elected police chiefs already in office at the time the training requirements were promulgated did not have the benefit of a "grandfather clause," as did appointed officers. This disparity, according to the plaintiff, constitutes unequal treatment of persons similarly situated and violates his right to equal protection. U.S. CONST. amend XIV; N.H. CONST. pt. I, art. 12.

This argument is not persuasive. It is true that when the General Court first enacted training requirements for appointed police officers in 1971, it chose to "grandfather in" persons already in office. It is also true that the legislature did not enact a similar "grandfather" provision when the training requirements were extended to elected police officers in 1983. Nevertheless, since the early 1970's all appointed police officers that were not "grandfathered" have been subject to training and certification. Neither the 1983 nor the 1985 amendments discriminate against elected police chiefs. *See* RSA ch. 105-A (now codified at RSA ch. 188-F). The plaintiff concedes that since 1983 all police chiefs have been treated similarly.

The fact that similarly situated persons receive disparate treatment at different times does not necessarily create an equal protection violation. Nor does the fact that the legislature imposed training requirements on elected police chiefs at a substantially later date than it imposed them on appointed police officers create an equal protection violation. Accordingly, we hold that the plaintiff has not been denied equal protection of the law.

The plaintiff's second argument is that application of the certification requirement to a police chief elected prior to approval and enactment of the requirement operates as a retrospective application of the law in violation of part I, article 23 of the New Hampshire Constitution. Article 23 states: "Retrospective laws are highly injurious, oppressive, and unjust. No such laws, therefore, should be made, either for the decision of civil causes, or the punishment of offenses." N.H. CONST. pt. I, art. 23.

■■ This article was interpreted in an 1826 case: "[E]very statute which takes away or impairs vested rights, acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past, must be deemed retrospective." *Woart v. Winnick*, 3 N.H. 473, 479 (1826) (quoting *Society v. Wheeler*, 22 F. Cas. 756, 767 (C.C.D.N.H. 1814) (No. 13,156)). *See Norton v. Patten*, 125 N.H. 413, 415, 480 A.2d 190, 191–92 (1984). We have written: "The underlying policy of this prohibition is to prevent the legislature from interfering with the expectations of persons as to the legal significance of their actions taken prior to enactment of a law." *State v. Vashaw*, 113 N.H. 636, 637–38, 312 A.2d 692, 693 (1973). As previously stated, the plaintiff does not have a vested right in his job. Therefore, we must consider whether a "new obligation, . . . duty, or . . . disability, in respect to" past "transactions or considerations" is involved, and if so whether it violates the constitutional protection against retrospective laws.

There is no disagreement in this case that the certification requirement created a new obligation or duty. Whether this new obligation pertains to a past transaction or consideration, however, is a subject of dispute. The State argues that the plaintiff had no agreement with the Town of Greenfield that was abridged by the enactment of the training requirement, that he had no assurance against the imposition of training requirements, and that no past transaction or consideration was adversely affected by the enactment of the requirement.

The State argues that election to public office is not a past consideration or transaction, but merely a past occurrence creating neither a vested right nor a blanket prohibition against future training. *See Eastman v. McCarten*, 70 N.H. 23, 24, 45 A. 1081, 1081 (1899). This argument is persuasive, especially in view of the effect of a contrary holding. Such a holding—that no new duty or obligation could be imposed by the General Court on elected police chiefs or officers without violating the State Constitution—would prevent the legislature from promoting further education and training for public officials. Moreover, such a result would implicitly create a vested right in public employment.

■ RSA 105-A:5, I-a gives elected police officers a reasonable amount of time to comply with its requirements. We cannot say it violates the State Constitution's ban on retrospective laws.

*Remanded.*

All concurred.