951 F.2d 348
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Richard A. DUNCAN, et al., Plaintiff-Appellant,
v.
VILLAGE OF MIDDLEFIELD, Defendant-Appellee.
 No. 91-3341.
 United States Court of Appeals, Sixth Circuit.
 Dec. 20, 1991.
 
 Before BOYCE F. MARTIN, Jr., and SUHRHEINRICH, Circuit Judges; and HILLMAN, Senior District Judge.*
 PER CURIAM:
 
 
 1
 Richard A. Duncan appeals from the district court's grant of summary judgment to the village of Middlefield, Ohio, in an action he brought under 42 U.S.C. § 1983 and the Fifth and Fourteenth Amendments of the United States Constitution. Duncan asserts the district court erred in holding that his claims were barred by the doctrine of res judicata and by the statute of limitations. For the following reasons, we affirm.
 
 
 2
 Lorraine J. Duncan owns a 1.03-acre residential lot in Middlefield. On this "bowling alley" shaped lot, which has a frontage of 88.25 feet and a depth of 521 feet, is located a single duplex. Lorraine's son, Richard, agreed to purchase the property contingent upon zoning approval for the construction of multi-family dwellings. The lot was located in a district zoned for multi-family dwellings, but for the construction of such dwellings Middlefield's zoning code required a lot to have a frontage of 100 feet.
 
 
 3
 In the early 1980s, Duncan and his mother filed numerous zoning and variance applications seeking authorization to construct additional dwellings on the lot. The zoning inspector and the Middlefield Board of Zoning Appeals repeatedly denied their applications. On several occasions, Duncan filed court actions challenging either the Board's decisions or the constitutionality of the Middlefield zoning code as it applied to the property.
 
 
 4
 On May 12, 1988, Duncan and his mother filed this action under 42 U.S.C. § 1983 and the Fifth and Fourteenth Amendments of the United States Constitution. The Duncans alleged that Middlefield's application of the zoning ordinance deprived them of their property without due process and violated their right to equal protection of the laws. The Duncans also alleged that the application of the ordinance constituted a taking of their property without just compensation.
 
 
 5
 Middlefield filed a motion for summary judgment alleging that the action was barred by both the doctrine of res judicata and the statute of limitations. The district court agreed that the action was barred by res judicata. The court stated:
 
 
 6
 A review of the litigation history of this case demonstrates beyond question that each and every action filed in the [Ohio] Common Pleas Court by Richard Duncan or by Richard and Lorraine Duncan involved a challenge to the constitutionality of the zoning ordinance at issue as applied to plaintiffs' property to prohibit the specific use which plaintiffs wished to make of that property ... It does not take a genius to discern that the instant complaint raises precisely the issues which were raised five different times in five different cases in state court....
 
 
 7
 The district court also held that the Duncans' cause of action accrued at the latest on January 5, 1983 and, hence, they filed their action after the limitations period had run. The district court granted summary judgment and this appeal followed.
 
 
 8
 Initially, we note that only Richard Duncan is a party to this appeal. Generally, each party appealing a judgment must be named in the notice of appeal. Fed.R.App.P. 3(c). Use of the phrase "et al.," in the notice of appeal is insufficient to designate appealing parties; appellants must include in the notice of appeal the name of each and every party taking the appeal. Minority Employees of Tenn. Dep't of Employment Security, Inc. v. Tennessee Dep't of Employment Security, 901 F.2d 1327, 1330 (6th Cir.) (en banc), cert. denied sub nom. Davis v. Tennessee Dep't of Employment Security, 111 S.Ct. 210 (1990). In Torres v. Oakland Scavenger Co., 487 U.S. 312, 318 (1988), the Supreme Court stated:
 
 
 9
 The purpose of the specificity requirement of Rule 3(c) is to provide notice both to the opposition and to the court of the identity of the appellant or appellants. The use of the phrase 'et al.,' which literally means 'and others,' utterly fails to provide such notice to either intended recipient.
 
 
 10
 In this case, the notice of appeal designates the appealing party only as "Richard A. Duncan, et al., Plaintiff" and does not contain the name of the other plaintiff, Lorraine Duncan. Therefore, only Richard Duncan is properly before this court.
 
 
 11
 We now turn to the merits of the appeal. We review the district court's grant of summary judgment de novo. Klepper v. First American Bank, 916 F.2d 337, 341 (6th Cir.1990). Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Canderm Pharmacal, Ltd., v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988) (quoting Fed.R.Civ.P. 56(c)). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.' " Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). In this case, there is no genuine issue for trial, therefore, the district court properly granted summary judgment.
 
 
 12
 The district court did not err in granting summary judgment on Duncan's Fifth and Fourteenth Amendment claim for the taking of property without just compensation. Although we do not believe this claim was barred by either the statute of limitations or the doctrine of res judicata, we affirm the district court's decision because the claim is not ripe for purposes of federal court review. See Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir.1985) ("A decision below must be affirmed if correct for any reason, including a reason not considered by the lower court."). In Williamson County Regional Planning Comm'n v. Hamilton Bank of Johnson City, 473 U.S. 172, 195 (1985), the Supreme Court held that if a state provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until the owner has used the procedure and been denied just compensation. The Court stated:
 
 
 13
 [T]he State's action is not 'complete' in the sense of causing a constitutional injury 'unless or until the State fails to provide an adequate postdeprivation remedy for the property loss.' Hudson v. Palmer, 468 U.S. 517, 532 n 12 ... (1984). Likewise, because the Constitution does not require pretaking compensation, and is instead satisfied by a reasonable and adequate provision for obtaining compensation after the taking, the State's action here is not 'complete' until the State fails to provide adequate compensation for the taking.
 
 
 14
 Id. See also MacDonald, Sommer & Frates v. County of Yolo, 477 U.S. 340, 350 (1986) (a court cannot determine if a state has failed to provide compensation until it knows what compensation the state intends to provide).
 
 
 15
 We have applied the Williamson County holding in several cases. In Four Seasons Apartment v. Mayfield Heights, 775 F.2d 150, 151 (6th Cir.1985), the plaintiff filed a § 1983 action alleging a taking of property without just compensation. We dismissed the claim because the plaintiff made no claim that Ohio lacked an adequate inverse condemnation law that permitted citizens to recover just compensation for governmental takings. Id. at 152.
 
 
 16
 Also, in G.M. Engineers and Assoc., Inc., v. West Bloomfield Township, 922 F.2d 328, 329-30 (6th Cir.1990), the plaintiff filed a § 1983 action alleging a taking of property without just compensation. We held that the plaintiff failed to state a claim under the Just Compensation Clause because the plaintiff made no claim that Michigan lacked an adequate inverse condemnation law. Id. at 331. See also Hammond v. Baldwin, 866 F.2d 172, 179 (6th Cir.1989) (section 1983 takings claim is inappropriate until the state has reached a final decision in an inverse condemnation action).
 
 
 17
 Our holdings in Four Seasons Apartment, G.M. Engineers, and Hammond are in accord with cases decided in other circuits. See, e.g., Estate of Himelstein v. Fort Wayne, 898 F.2d 573, 576 (7th Cir.1990); East-Bibb Twigs Neighborhood Ass'n v. Macon Bibb Planning and Zoning Comm'n, 888 F.2d 1573, 1575 (11th Cir.1989); Sinaloa Lake Owners Ass'n v. Simi Valley, 882 F.2d 1398, 1402-03 (9th Cir.1989), cert. denied sub nom. Doody v. Sinaloa Lake Owners Ass'n, 110 S.Ct. 1317 (1990). Cf. Hoehne v. County of San Benito, 870 F.2d 529, 534 (9th Cir.1989) (takings claim ripe for review because at the time plaintiff brought suit California did not provide an inverse condemnation remedy).
 
 
 18
 Duncan asserts that he had discussions with the Ohio Attorney General's office and the Lieutenant Governor's office, and that officials in both offices indicated that they were not aware of any state procedure by which Duncan might obtain compensation for the alleged taking of his property. Duncan's assertions notwithstanding, there is a procedure under Ohio law to obtain compensation for a taking. If a party can demonstrate that the enforcement of a zoning regulation results in an unconstitutional taking, a state court may issue a mandamus to state officials directing them to institute eminent domain proceedings to determine just compensation. Willoughby Hills v. Corrigan, 278 N.E.2d 658, 662 (Ohio), cert. denied sub nom. Chongris v. Corrigan, 409 U.S. 919 (1972).
 
 
 19
 Because Duncan has a state law remedy to address the alleged taking of his property and he has not demonstrated that this remedy is inadequate, his just compensation claim is not ripe for federal court review until the state enters a final decision in a compensation proceeding.
 
 
 20
 The district court also did not err in granting summary judgment on Duncan's remaining claims because these claims were barred by the statute of limitations. The appropriate statute of limitations for § 1983 actions is the analogous state statute of limitations for personal injury actions. Wilson v. Garcia, 471 U.S. 261, 276-80 (1985). In Ohio, the applicable statute of limitations is Ohio Rev.Code § 2305.10. Brown v. Pendleton, 869 F.2d 989, 992 (6th Cir.1989) (en banc). Section 2305.10 provides that the plaintiff must bring an action within two years after the cause of action accrues.
 
 
 21
 In § 1983 actions, federal law governs when a cause of action accrues. Collard v. Kentucky Board of Nursing, 896 F.2d 179, 183 (6th Cir.1990). We have held that a cause of action accrues when "the plaintiff knows or has reason to know of the injury which is the basis of his action. A plaintiff has reason to know of his injury when he should have discovered it though reasonable diligence." Sevier v. Turner, 742 F.2d 262, 273 (6th Cir.1984). For determining when a cause of action accrues, we look to what event should have alerted the typical lay person to protect his or her rights. Dixon v. Anderson, 928 F.2d 212, 215 (6th Cir.1991).
 
 
 22
 In this case, Duncan had reason to know of his injury no later than June 11, 1981. On this date, Duncan filed an action in state court under Ohio Rev.Code § 2721 seeking a declaration that the Middlefield ordinance's 100-foot frontage requirement was unconstitutional as it applied to the lot. He also claimed that the frontage requirement deprived him of his property without due process or just compensation, and deprived him of equal protection of the laws. Thus, on June 11, 1981, he was obviously aware that Middlefield's decision regarding the lot may have violated his constitutional rights. See Conlin v. Blanchard, 890 F.2d 811, 815 (6th Cir.1989) (appellants filed state court action showing that at least at that time they realized their rights may have been violated). Because more than two years have elapsed between the time Duncan's cause of action on these claims accrued and the time Duncan filed this action, these claims were barred by the statute of limitations. Moreover, Duncan presents no sufficient reason to toll the running of the statute of limitations.
 
 
 23
 For the foregoing reasons, we affirm the judgment of the district court.
 
 
 
 *
 The Honorable Douglas W. Hillman, Senior United States District Judge for the Western District of Michigan, sitting by designation