Glenn A. CUMMINGS, Plaintiff,
Appellant,

v.

SOUTH PORTLAND HOUSING
AUTHORITY, et al., Defen-
dants, Appellees.

No. 92–1611.

United States Court of Appeals,
First Circuit.

Heard Oct. 6, 1992.

Decided Jan. 21, 1993.

John J. Finn, Augusta, ME, for appel-
lant.

Terry A. Fralich, with whom Peter J.
DeTroy III and Norman, Hanson & De-
Troy, Portland, ME, were on brief, for ap-
pellees.

Before TORRUELLA, Circuit Judge, BROWN,* Senior Circuit Judge, and STAHL, Circuit Judge.

TORRUELLA, Circuit Judge.

Appellant Glenn Cummings brought suit against appellee South Portland Housing Authority ("SPHA") for: (1) the unconstitutional deprivation of a property interest in continued employment pursuant to 42 U.S.C. § 1983 ("§ 1983"); (2) breach of contract; (3) intentional interference with prospective employment; and (4) negligent infliction of emotional distress. The district court adopted a magistrate's recommendation that appellant lacked a constitutionally protected property interest in continued employment, and thus granted summary judgment for the SPHA on the § 1983 claim. The district court also dismissed the three state law claims because supplemental jurisdiction was inappropriate once the court dismissed the only federal claim. The judgment dismissed the § 1983 claim with prejudice and the state law claims without prejudice. Because we find that appellant had a constitutionally protected property interest in his continued employment, we reverse and remand the case to the district court for further proceedings.

## BACKGROUND

The SPHA is a municipal authority authorized under a state enabling statute. See Maine Housing Authorities Act, Me. Rev.Stat.Ann. tit. 30, § 4701 (West 1991). Appellant worked for the SPHA as a department head in charge of maintenance. On May 30, 1988, when the SPHA hired appellant, it informed him that he would have to serve a probationary period during which the SPHA could fire him at any time. The SPHA further informed appellant that after the probationary period he would become a permanent employee, and that the SPHA's personnel policy would govern his employment.

Sometime during appellant's first year of employment, he gave the executive director of the SPHA an undated, written letter of resignation, and told him to use it if he

ever failed to fulfill his responsibilities at the SPHA. On July 13, 1990, well after the probationary period ended, the executive director presented appellant with this letter, stating that they had come to a "parting of ways." Appellant then requested a termination hearing, and the SPHA rejected that request.

## DISCUSSION

I. Section 1983 claim

 The central issue on appeal is whether appellant had a constitutionally protected property interest in his continued employment. A public employee has such an interest when he reasonably expects that his employment will continue. Perkins v. Board of Directors, 686 F.2d 49, 51 (1st Cir.1982). An "at will" employment contract creates no reasonable expectation of continued employment, while an employment agreement that permits termination only "for cause" does create that expectation. Id.

 Whether an employment contract permits dismissal solely "for cause" is a matter of state law. Id. at 52. In general, under Maine law, "a contract of employment for an indefinite time is terminable at the will of either party." Libby v. Calais Regional Hospital, 554 A.2d 1181, 1182 (Me.1989). However, parties may restrict the employer's ability to terminate the employment contract to occasions when "cause" exists by clearly and expressly stating that intention. Id. That intention can be expressed in an employment manual. Id. at 1183. However, the manual must use clear and express language to restrict the employer's ability to discharge employees. Id. Language in a manual merely implying a "for cause" limitation will not bind an employer. Id.

There are two relevant sections in the SPHA employee manual. Section 1(a) reads:

Merit System. The employment of personnel and all actions effecting (sic) em-

* Of the Fifth Circuit, sitting by designation.

ployees shall be based solely on merit, ability (performance), and justice.

Section 7(b) reads:

*Dismissals.* An employee who provides unsatisfactory service or who is guilty of substantial (sic) violation of regulations shall be subject to dismissal without prior notice. In such cases, the employee shall have the right to a hearing before the Executive Director. The employee may appeal the decision of the Executive Director to the existing Personnel Committee.

■ Appellee argues that the SPHA manual does not provide a clear and specific restriction on termination as required by *Libby.* Appellee apparently takes the position that the manual would have to specifically use the words "for cause" in order to limit an employer's ability to terminate employees to occasions where cause exists. However, Maine law does not support that position.

In *Durepos v. Town of Van Buren,* 516 A.2d 565, 566 (Me.1986), the Maine Supreme Court stated that "[t]he phrase 'for cause' ... refers to conduct affecting the ability and fitness of the employee to perform his duties." Thus, language in a manual that permits dismissal based only on an employee's ability to do his job constitutes a "for cause" limitation.

Similarly, in *Lovejoy v. Grant and Maine School Administrative District No. 37,* 434 A.2d 45, 50 (1981), the Maine Supreme Court found that Maine law provides that "certain public school teachers may be discharged only for cause." The court based its conclusion on a statute entitling tenured teachers to substantive and procedural protections from non-renewal of their contracts and a statute permitting the dismissal of unfit or unprofitable teachers. *Id.*

Against the backdrop of these precedents, the SPHA employment manual clearly restricts the SPHA's ability to terminate employees. It specifically states that *all* actions affecting employees will be based on merit and ability. Accordingly, the SPHA manual created a constitutionally protected property interest in appellant's continued employment. Thus, we reverse the district court's judgment and remand for a determination of whether appellant received due process in his dismissal.

II. State Law Claims

Because appellant has stated a federal cause of action, we reverse the dismissal of the state law claims and remand them to the district court to determine whether supplemental jurisdiction is appropriate.

*Reversed and remanded.*