UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT


No. 96-2144

BRUCE H. KING,

Plaintiff - Appellant,

v.

TOWN OF HANOVER,

Defendant - Appellee.



APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Joseph A. DiClerico, Jr., U.S. District Judge] 



Before

Torruella, Chief Judge, 

Selya, Circuit Judge, 

and Saris,* District Judge. 



K. William Clauson for appellant. 
Charles P. Bauer, with whom John T. Alexander and Ransmeier 
& Spellman Professional Corporation were on brief for appellee. 



June 30, 1997


 

* Of the District of Massachusetts, sitting by designation.

TORRUELLA, Chief Judge. Plaintiff-appellant Bruce King TORRUELLA, Chief Judge. 

("King") worked for the Hanover Department of Public Works

("DPW") as a heavy equipment operator and truck driver. King was

supervised by Leo Hamill ("Hamill") from July 1991 onward.

Hamill's immediate supervisor was Richard Hauger ("Hauger"). In

March 1993, Hauger informed King that he had decided to take

disciplinary action for incidents in which King was alleged to

have destroyed town property. King was suspended for one week

without pay and placed on probation for ninety days. After

receiving notice of the suspension and probation, plaintiff did

not return to work.

In May 1993, King exercised his right, under the DPW's

personnel policy manual, to appeal the disciplinary action to the

Town Manager. A hearing was scheduled for May 26. King

requested that the hearing be open to the public, that the Town

produce certain witnesses to testify, that the Town record the

hearing or permit a court reporter to do so at King's expense,

and that the town manager, defendant Clifford Vermiya, excuse

himself from the proceedings based on a conflict of interest.

When all of these requests were denied, King chose not to

participate.

On July 21, 1993, King filed a bill of equity in the

Grafton County Superior Court seeking reinstatement, back pay,

and damages. The Superior Court granted the Town's motion to

dismiss. On appeal to the New Hampshire Supreme Court, certain

state law tort claims were reversed and remanded. King v. Town 

-2-

of Hanover, 139 N.H. 752 (1995). The state litigation was then 

stayed pending resolution of this federal action, which King

filed in May 1994. On May 17, 1996 the district court granted

summary judgment on King's retaliation claim and his due process

claim. See King v. Town of Hanover, 959 F. Supp. 62 (D. N.H. 

1996). On June 20, 1996, the district court granted summary

judgment on King's wrongful discharge claim, Order of the

District Court, June 20, 1996 (unpublished), and, on July 12,

1996, summary judgment was granted on his breach of contract

claim, Order of the District Court, July 12, 1996 (unpublished).

The remaining claims, for sexual harassment and for intentional

infliction of emotional distress, were tried before a jury in

August 1996. The jury returned a verdict for the defendants.

Before us today is an appeal from the district court's

summary judgment rulings as to King's retaliation claim, due

process claim, wrongful discharge claim, and breach of contract

claim. We affirm.

I. Background I. Background

The dispute centers around a series of events, which we

summarize briefly. King received favorable evaluations from

Hamill in both 1991 and 1992. King claims that Hamill created a

hostile and offensive sexual atmosphere in the workplace by

"repeatedly ma[king] sexually suggestive, socially inappropriate

and offensive comments in an effort to engage Plaintiff in

conversations and interactions of an inappropriate and sexual

manner." Complaint 18. Furthermore, King alleges that

-3-

Hamill's behavior indicated that he thought King was homosexual

or interested in engaging in homosexual activity with Hamill. As

a result, King claims to have suffered "severe embarrassment, a

high level of stress, and personal sense of humiliation."

Complaint 24.

In October 1992, King complained to Hauger about

Hamill's behavior and requested reassignment. No action was

taken.

The Town claims that disciplinary action was taken

against King in response to three work-related incidents. First,

in December 1992, King drove a town truck, with its body

elevated, into the town garage, causing $900 in damage to the

truck. In February 1993, King's truck slid off the road during a

snowstorm. Finally, in March 1993, several granite posts were

damaged in an area where King had been instructed to push back

snow. King denied breaking the posts, but the Town argued that

he was responsible for the damage.

II. Retaliation Claim II. Retaliation Claim

King claims that the Town disciplined him in

retaliation for his October 1992 complaint to Hauger. Title VII

provides that:

[i]t shall be an unlawful employment
practice for an employer to discriminate
against any of his employees . . .
because [the employee] has opposed any
practice made an unlawful employment
practice by this subchapter, or because
he has made a charge, testified,
assisted, or participated in any manner
in an investigation, proceeding, or
hearing under this subchapter.

-4-

42 U.S.C. 2000e-3(a).

To prevail, King must meet the familiar McDonnell 

Douglas test. See McDonnell Douglas Corp. v. Green, 411 U.S. 792 

(1973). First, the plaintiff must come forward with a prima

facie showing of retaliation. See id. at 802; Mesnick v. General 

Electric Co., 950 F.2d 816, 827 (1st Cir. 1991). The burden of 

production then shifts to the defendant, who must articulate a

legitimate, nondiscriminatory reason for the adverse employment

action. The production of such a nondiscriminatory reason

dispels the presumption of improper discrimination generated by

the prima facie showing of discrimination. Id. The plaintiff 

then must show that the proffered reason is actually a pretext

for retaliation. Id. at 823. 

In order to state a prima facie case, the plaintiff 

must show (1) that he engaged in an activity protected under

Title VII or engaged in protected opposition to an activity,

which participation or opposition was known by the employer; (2)

one or more employment actions disadvantaging him; and (3) a

causal connection between the protected activity and the

employment action. See Hoeppner v. Crotched Mountain 

Rehabilitation Center, 31 F.3d 9, 14 (1st Cir. 1994); Petitti v. 

New England Tel & Tel. Co., 909 F.2d 28, 33 (1st Cir. 1990). 

We agree with the district court's ruling that King has

failed to establish a sufficient causal link between his

allegations of sexual harassment and the disciplinary actions

taken against him.

-5-

As we are reviewing the district court's ruling on

summary judgment, we view the facts in the light most favorable

to the non-movant, King. See Smith v. F.W. Morse & Co., 76 F.3d 

413, 428 (1st Cir. 1996). We need not, however, grant credence

to "conclusory allegations, improbable inferences, and

unsupported speculation." Medina-Mu oz v. R.J. Reynolds Tobacco 

Co., 896 F.2d 5, 8 (1st Cir. 1990). In order to survive a motion 

for summary judgment, the plaintiff must point to evidence in the

record that would permit a rational factfinder to conclude that

the employment action was retaliatory. This evidence must "have

substance in the sense that it limns differing versions of the

truth which a factfinder must resolve at an ensuing trial." Mack 

v. Great Atl. & Pac. Tea Co., 871 F.2d 179, 181 (1st Cir. 1989). 

In his appellate brief, King fails to point to any

evidence that the employment activity was retaliatory. King's

argument regarding causation amounts to the following. In

October 1992, King complained to Hauger regarding Hamill's

behavior toward him. No record was kept of this complaint. King

claims that the incidents for which King was disciplined were a

pretext for retaliation, and the complaint was close in time to

the disciplinary action. Although King produced depositions and

affidavits of witnesses to challenge the appropriateness of the

disciplinary action, this evidence contesting the factual

underpinnings of the reasons for the discipline, without more, is

insufficient to present a jury question regarding the retaliation

claim. See Hoeppner v. Crotched Mountain Rehab. Center, Inc., 31 

-6-

F.3d 9, 17 (1st Cir. 1994). It is insufficient for King to

simply recount that he complained and that he was disciplined

five months later. He must offer sufficient evidence of

discrimination for a rational factfinder to find in his favor.

In this case, he offers no such evidence.

III. Procedural Due Process2 III. Procedural Due Process

King alleges that the disciplinary proceedings afforded

him were insufficient and "denied his due process right to a fair

hearing on disciplinary charges in violation of 42 U.S.C. 

1983." Appellant's Brief, at 17. Specifically, King claims that

he had a right to hire a certified court reporter at his own

expense to transcribe the sworn testimony at the hearing.

After receiving the Town's disciplinary letter, King

appealed, as was his right under the Personnel Policy Manual.

The Town Manager scheduled a hearing, though he refused King's

request that the hearing be public and that the Town produce

certain town employees to testify. King, represented by counsel,

arrived at the hearing with a certified court reporter, brought

at his own expense. When the Town Manager refused to allow the

 

2 The Supreme Court recently decided a similar case, Gilbert v. 
Homar, U.S. , No. 96-65, 1997 WL 303380 (June 9, 1997), in 
which an employee at a state university in Pennsylvania was
suspended without pay. That case does not govern our decision
today, however, because in Homar the Court assumed, without 
deciding, that the protections of the due process clause extend
to the suspension of a tenured public employee. Id. at *3. In 
our case, King is an at-will employee, rather than a tenured
employee, and as such he does not have due process protections
against a one week suspension followed by 90 days probation.

-7-

reporter to record the hearing, King refused to participate in

the hearing. The Town treated the appeal as withdrawn.

In order to succeed on his due process claim under

section 1983, King must show that he has been deprived of a

constitutionally protected liberty or property right. See Paul 

v. Davis, 424 U.S. 693, 701 (1976); Correa-Mart nez v. Arrillaga- 

Bel ndez, 903 F.2d 49, 53 (1st Cir. 1990). Although King fails 

to identify the precise interest that he believes has been

violated, our reading of his brief and the record suggests that

he claims a deprivation of a protected property interest.

In Board of Regents v. Roth, 408 U.S. 564, the Supreme 

Court stated that:

To have a property interest in a benefit,
a person clearly must have more than an
abstract need for it. He must have more
than a unilateral expectation of it. He
must, instead, have a legitimate claim of
entitlement to it . . . . Property
interests . . . are not created by the
Constitution. Rather they are created
and their dimensions are defined by
existing rules or understandings that
stem from an independent source such as
state-law rules or understandings that
secure certain benefits and that support
claims of entitlement to those benefits.

Id. at 577. 

It is well established that a public employee has a

constitutionally protected property interest in his continued

employment when he reasonably expects that his employment will

continue. Cummings v. South Portland Hous. Auth., 985 F.2d 1, 2 

(1st Cir. 1993). An employee who can only be dismissed for cause

has such an expectation. Id. An at-will employee, however, has 

-8-

no reasonable expectation of continued employment. Id. Whether 

an employment contract allows dismissal only for cause is a

matter of state law. Id. 

New Hampshire law is clear. "[P]ublic employment is

not a constitutionally protected property right of the employee."

Appeal of Parker, 121 N.H. 986, 988 (1981); Colburn v. Personnel 

Comm'n, 118 N.H. 60, 64 (1978); see also Soltani v. Smith, 812 F. 

Supp. 1280, 1292 (D. N.H. 1993). King did not have a contract

with the Town. He was an at-will employee who could be dismissed

at any time. He had, therefore, no protected property interest

in his employment.

King suggests that the Hanover Department of Public

Works ("DPW") personnel policy manual granted him the status of

an employee that can be terminated only for cause, and only after

the completion of certain procedural steps. It is possible that

this manual restricted the ability of the Town to discipline or

terminate King. See Cummings, 985 F.2d at 2. Assuming, 

arguendo, that King is correct in this view, he still cannot 

prevail because the Town provided all of the process due under

the manual. King was entitled to, and received, a hearing. He

complains that he was denied his "right to hire a certified court

reporter at his own expense," Appellant's Brief at 17, his right

to a public hearing, and his right to have the Town produce

certain town employees as witnesses. Nothing in the policy

manual, however, provides that an employee subject to

-9-

disciplinary action short of dismissal is entitled to these

procedures.

IV. Wrongful Discharge IV. Wrongful Discharge

King also alleges that he has been wrongfully

discharged, a common law violation under New Hampshire law. See 

Wenners v. Great State Beverages, 140 N.H. 100 (1995), cert. 

denied, 116 S. Ct. 926 (1996). 

Whatever else may be required to prevail on a wrongful

discharge claim, the plaintiff must have been ctually or

constructively discharged. King was not. He was suspended for

one week without pay and placed on ninety days probation. King, 

959 F. Supp. at 64. The district court noted that "[a]lthough

the plaintiff argues that his suspension could eventually had led

to a dismissal, the fact remains that the plaintiff was not

dismissed." Id. at 68. 

It is conceivable that King could have saved this claim

by arguing that he was constructively dismissed. We need not

probe this point, however, for he has not advanced this argument.

We therefore affirm the district court's grant of summary

judgment on the wrongful discharge claim.

V. Contract Claim V. Contract Claim

Finally, King attempts to avoid summary judgment on his

contract claim. King's appellate brief offers virtually no

argument with respect to this claim. Beyond a few lines of

introduction, his argument, in its entirety, is as follows:

Mr. King's constitutional [due
process] and contractual claims that he

-10-

was denied a fair disciplinary hearing
are similar, but are not identical.

Even if the Town may deny him a court
reporter and a public hearing as a matter
of constitutional law, these are clear
rights under New Hampshire law and
therefore should have been provided under
his contractual right to a fair hearing.
The common law of contracts holds that a
contract should be construed to
incorporate the law. 17A Am. Jur. 2d,
Contracts 346 and 381 ("[I]t is
commonly said that all existing . . .
applicable . . . statements . . . at the
time a contract is made become part of it
and must be read into it.").

Appellant's Brief, at 41.

It is an established appellate rule that "issues

adverted to in a perfunctory manner, unaccompanied by some effort

at developed argumentation, are deemed waived . . . . It is not

enough merely to mention a possible argument in the most skeletal

way, leaving the court to do counsel's work . . . . Judges are

not expected to be mindreaders. Consequently, a litigant has an

obligation to spell out its arguments squarely and distinctly,

or else forever hold its peace." Willhauck v. Halpin, 953 F.2d 

689, 700 (1st Cir. 1991) (quoting United States v. Zannino, 895 

F.2d 1, 17 (1st Cir. 1990); see also Ramos v. Roche Prods., 936 

F.2d 43, 51 (1st Cir. 1991) (brief must contain full statement of

issues presented and accompanying arguments); Continental 

Casualty Co. v. Canadian Universal Ins. Co., 924 F.2d 370, 375 

(1st Cir. 1991) (mere mention, without supporting argumentation,

that party seeks review of a district court's ruling is

-11-

insufficient to raise issue on appeal); Brown v. Trustees of 

Boston Univ., 891 F.2d 337, 353 (1st Cir. 1989) (same). 

Accordingly, we find King's contract claim to be

waived. He has failed to present any argumentation in support of

his claim, and, indeed, has not even stated his contract claim in

a manner that we can understand and analyze without guesswork.

VI. Conclusion VI. Conclusion

For the foregoing reasons, we affirm the ruling of the affirm  

district court.

-12-